MORROW, BECKER & EWING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 41225, 43190. Promulgated December 31, 1930.

*William S. Hammers, Esq.,* and *P. R. G. Sjostrom, Esq.,* for the petitioner.

*A. H. Murray, Esq.,* for the respondent.

OPINION.

ARUNDELL: The petitioner was organized in the year 1925, and thereafter within that year acquired 73 acres of land in Miami, Fla., subdivided it into 361 lots, all of which were sold within the year. A few of the lots were sold for cash and in a few instances more than 25 per cent of the purchase price was paid within the year 1925, but as to these sales we are not particularly concerned. The petitioner made its return on the installment basis and now seeks to change that basis to one wherein it may first recover its capital outlay before being called upon to pay a tax on· a possible profit.

The respondent objects to any change of basis on the ground that, petitioner having elected in the first instance to file on the installment basis, such election is binding and irrevocable, citing as authority *R. Downes, Jr.*, 5 B. T. A. 1029; *Gilbert W. Lee*, 6 B. T. A. 135; affd., 41 Fed. (2d) 1004; *James C. Ellis et al.*, 16 B. T. A. 1225. We have held in *Key Largo Shores Properties, Inc.*, 21 B. T. A. 1008, decided this day, that where the facts clearly establish that the installment method does not reflect a taxpayer's true income, an election once exercised to so report is not in all circumstances irrevocable. However, the facts in that case were entirely different from those in this proceeding. In the *Key Largo* case the taxpayer had parted with title to its land and the second mortgage taken back, which included the greater part of the amount returned as profit, was shown to have had no value before the close of the year, and the purchaser was entirely irresponsible. In the instant case the petitioner had actually conveyed title to but a comparatively small number of lots, the majority of the contracts entered into being contracts to sell as distinguished from contracts of sale. Consequently, when at the end of the year it was evident that many of the contracts would not be paid out, the petitioner still had its capital in the form of land and also the cash installments that had been paid under the contracts. Moreover, during the following year collections were made on the contracts to the amount of $247,858.96. Under the installment method only a portion of the cash so received by petitioner was returned as income, the balance being treated as a return of

capital. Certainly it may not be said under the circumstances that petitioner's income was distorted to its disadvantage, and we are of the opinion that the method adopted of reporting on the installment basis should not be changed except as changed by the respondent in respect of sales where the initial payment was in excess of one-fourth of the sale price.

The respondent, in our opinion, correctly disallowed the claimed deduction of $10,000 set up as a reserve for operating water and lighting systems on the subdivision. This amount was at best a mere estimate of what the petitioner might possibly spend in the future in the maintenance of the systems. While one witness testified that petitioner promised purchasers of lots that these facilities would be furnished, it is not shown that petitioner was under any obligation to do so. In fact, light was not furnished in the taxable year and there is no evidence to show that it was ever furnished to purchasers. An examination of a sample copy of a lot sales agreement placed in evidence by petitioner does not disclose any agreement on the part of the petitioner to furnish light and water. Moreover, it has not been established to our satisfaction that petitioner's books were kept on other than the cash receipts and disbursements basis. Petitioner's returns contain the statement that they are made on the basis of the "books of account," but no disclosure is made as to what that basis is. Petitioner's secretary testified that "the books are kept on the cash receipts and disbursements basis."

The respondent's disallowance of claimed deductions from 1926 income of $15,000 for accrued taxes and $36,277.43 for costs and legal expenses in connection with the repossession of property must be affirmed, because of the failure of petitioner to establish that its accounts were kept in such manner as to permit the deduction of any items not actually paid in the taxable year. In other words, as stated above with respect to the claimed deduction for operation of light and water systems, the only evidence on this point indicates that the books were kept on the cash basis, and if the books were so kept, it is clear that accruals can not be deducted.

The respondent's reduction of profit from sales of real estate by $67,522.53 results from his placing on the installment basis collections made in 1926 on contracts of sale where the initial payment did not exceed one-fourth of the sale price. As we have held that the use of the installment method approaches more nearly the reflection of income than the method sought to be used by petitioner, the change made by the respondent is approved.

Reviewed by the Board.

*Decision will be entered for the respondent.*

MURDOCK concurs in the result only.