*734 OPINION.
SteRNi-iagen :
The proceeding involves several questions which arise in the course of determining the petitioner’s gain in the sale of its lots on Palm and Hibiscus Islands at Miami, Fla. As to 1922, the Commissioner determined an overassessment, and this is not before us. Cornelius Cotton Mills, 4 B. T. A. 255.
íSi'TJhe petitioner contends that when it acquired the land in March, 1918,* in exchange for its shares, the land was worth $300,000, the par value of its shares; while the respondent contends that the land was worth no more than $40,173.33, which it had cost the syndicate shortly before. There is evidence of several kinds in the depositions, consisting of earlier transactions in other property, later sales of petitioner’s shares, later sales of some of the lots in question, and opinions of witnesses. The circumstances of the acquisition and the plans and expectations of the venture were fully described. From the whole record it has been found that the property, when acquired, had a fair market value of $130,000. This should be used
as the initial cost to the petitioner. William Ziegler, Jr., 1 B. T. A. 186; Reliance Investment Co., 22 B. T. A. 1287.
2. In distributing the total cost among the lots, the respondent has included the interior area, thus reducing the cost and increasing the gain on the lots sold. The petitioner urges, first, that this area should be excluded from the computation of cost so that the entire cost of the tract will be applied to the watér front lots; and, second, that, if any part of the cost is applied to the interior area, such part should be substantially less than the ratable proportion measured solely by the percentage of area. The respondent held that since the interior area was 14.45 per cent of the whole, the cost was properly to be allocated by applying the same ratio.
*735 There is no support for the petitioner’s first contention that no part of the cost should be applied to the interior area. This area was not permanently and irrevocably dedicated to the public, but may later be sold by petitioner. The possibility of gain has only been postponed. It is unlike the area used for public streets, which is permanently beyond the possibility of sale and gain, the cost of which must be absorbed in the salable lots. See Oak Woods Cemetery Association, 6 B. T. A. 1003.
But it does not follow that the cost should be allocated according to the ratio of area. The regulations have recognized an equitable apportionment, Reg. 45 and Reg. 62, art. 43, and this has been construed by the Commissioner as not restricted to a ratable apportionment. I. T. 1843; C. B. II-2, p. 72; cf. J. S. Cullinan, 5 B. T. A. 996; D. C. Clarke, 22 B. T. A. 314. The evidence makes it clear that the water front lots were far more desirable and valuable than the interior lots, the ratio, generally speaking, approximating three to one. We are of opinion , that of the total cost basis of $1,114,683.29, the amount of $53,705.69 should be allocated to the interior area, and that this should be substituted for the figure used by respondent.
3. The petitioner kept its accounts and made its returns on the so-called installment sales method. Whether or not this was sanctioned at the time, it was subsequently sanctioned in section 1208, Revenue Act of 1926, and to the extent of the installment transactions, the installment method used by petitioner is to be used in the determination of its tax liability for the years in question. Thus all transactions involving a payment within the first year of less than 25 per cent of the purchase price are properly treated as installment sales under section 212 (d), Revenue Act of 1926. Tli,e facts of Key Largo Shores Properties, Inc., 21 B. T. A. 1008, were entirely different, for the factual hypothesis upon which the installment method was predicated proved wholly false before the end of the first year of its adoption, and the method was therefore held to be unsupported. Cf. Morrow, Becker & Ewing Co., 21 B. T. A. 1013; Morgan Rundel, 21 B. T. A. 1019.
4. As to those transactions carrying an initial payment of more than 25 per cent, respondent included the entire agreed price in the petitioner’s income of the year of contract, upon the theory that the vendees’ contractual promises were property of full value. We have found from the evidence that the future promises were without fair market value when received.
But, in any event, these were not exchanges of property for property requiring a valuation of the property received. Nor were they present sales. They were agreements to sell, part of the agreed price being received in the year of agreement and part in future. No part *736 of the future payments can be said to have accrued in the first year, and the respondent erred in including them in such income.
5. As to the last item of alleged depreciation, auto expense and truck repairs, the evidence is inadequate to establish error.

Judgment will be entered under Rule 50.