MORGAN RUNDEL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40134.   Promulgated December 31, 1930.

*Fred A. Woodis, Esq.*, for the petitioner.
*Maxwell E. McDowell, Esq.*, for the respondent.

OPINION.

ARUNDELL: Petitioner having reported income from the sale of property according to the installment method, now asks that he be permitted to have his income from the sale determined upon the deferred payment basis.

It is clear from the stipulation filed by the parties, which has been made the basis of our findings of fact, that the petitioner did in fact make a profit in the sale of certain property in the year 1925. The law under which his return was filed permitted, at his option, reporting the profit on the installment basis. This method was not mandatory, but only at his election was the method to be used. Presumably at the time the return was made it promised him the most satisfactory way of reporting and paying his tax. Subsequent events or a change of mind now make petitioner's choice of the installment basis not to his liking, and so he seeks another method which it is claimed will produce a lower tax.

It has been held, however, in a number of cases that the filing of a return of income according to one of two alternative methods recognized by statute constitutes a binding election and the taxpayer may not thereafter report on another basis. See *Gilbert W. Lee*, 6 B. T. A. 135; affd., *per curiam*, 41 Fed. (2d) 1004; *Alameda Investment Co.* v. *McLaughlin*, 33 Fed. (2d) 120; *R. Downes, Jr.*, 5 B. T. A. 1029; *Belvidere Lumber Co.*, 6 B. T. A. 84; *James C. Ellis et al.*, 16 B. T. A. 1225. In the *Gilbert W. Lee* case the taxpayer computed income on what was in effect the installment method and filed his returns accordingly. We said in that case:

It is apparent, therefore, that the petitioner elected to return the income resulting from the sale of lots on the installment basis. This choice must have been considered and doubtless was made because it was deemed to best serve the interests of the petitioner. Having once made his election, the petitioner should not be allowed to change to a different basis merely because subsequent legislation or other events made it to his interest so to do.

Our decision in that case was affirmed by the Circuit Court of Appeals for the Sixth Circuit. In *James C. Ellis et al.*, a partnership of which petitioners were members filed a return for the first year of its existence on the completed contract basis, and as the one

contract that it had was not completed in that year, the partners reported no income from the partnership. After completion of the contract one of the partners filed an amended return in which he allocated income to the first year of the partnership's existence. We sustained the respondent's refusal to accept the amended return, saying in part:

It is clear from the record that the partnership in its original return for 1920 elected to stand squarely on the completed contract basis, and, none of the partners having returned any amount as income from the partnership in 1920, it may be assumed that they also elected to report the profit from the contract on that basis.

\*      \*      \*      \*      \*      \*      \*

It seems to us that the petitioners, having elected to report on the basis of a completed contract, should not now be heard to complain because the respondent refuses to permit them to change to another basis. There is little, if any, difference between the situation here and that of a husband and wife electing to file joint or separate returns. In those cases we have held that where the election has been made it is binding. *R. Downes, Jr.,* 5 B. T. A. 1029; *G. Cassiere,* 5 B. T. A. 1032; *W. A. Buttolph,* 7 B. T. A. 310; *J. F. Fairleigh,* 7 B. T. A. 361; *W. Rogers,* 7 B. T. A. 450; *H. Einstein,* 10 B. T. A. 240.

In the case of *Key Largo Shores Properties, Inc.,* 21 B. T. A. 1008, decided this day, we reached the conclusion, under the peculiar facts there present, that the installment method did not serve to reflect the true income of the taxpayer, and permitted a change of the basis of reporting. The transaction out of which arose the profit sought to be taxed in that case was one wherein it was established that the second mortgage which was given by the purchaser to cover a large part of the anticipated profit was worthless within the year of sale, and that no part thereof would ever be recovered by the vendor. Under the facts in that case the figure obtained by including the second mortgage at face value was a gross overstatement of the profit to be realized, and the installment method of computing income was not applicable.

The stipulation referred to in our preliminary statement with regard to the third mortgage read as follows:

It is further agreed and stipulated that if the decision of the Board holds that petitioner may change from the installment plan to the deferred payment basis, then, and in that event only, the third mortgage of $35,000 shall be deemed to have no fair market value.

In view of the language of the stipulation we must assume that, considering the case on the installment basis, the mortgage had some value. There is no evidence to indicate that the intrinsic value was any less than the face amount of the mortgage, and as the installment basis contemplates taking into consideration " income to be realized " as well as realized income, we can not say that the mortgage should be accounted for at any figure less than $35,000.

1022

Accordingly, the facts which prompted allowing a change of method in *Key Largo Shores Properties, Inc., supra,* are not present here. It has not been shown that the installment basis does not correctly reflect income and the case falls within the decisions in *Gilbert W. Lee, James C. Ellis,* and similar cases cited above.

Reviewed by the Board.

*Decision will be entered for the respondent.*

MURDOCK concurs in the result only.