LIBERTY REALTY CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 50538.   Promulgated October 6, 1932.

*A. G. Eldred, Esq.*, for the petitioner.
*F. B. Schlosser, Esq.*, for the respondent.

OPINION.

SMITH: The Commissioner determined a deficiency of $683.65 in petitioner's income tax for 1928. The only question is whether the petitioner, having filed an original return on the accrual basis, should have its tax liability computed upon an amended return filed on the installment sales basis. The proceeding was submitted upon the following stipulation:

1. The Liberty Realty Corporation is a corporation organized under the laws of the Commonwealth of Pennsylvania on the 28th day of February, 1928.

2. The petitioner purchased a parcel of land in Warren, Pennsylvania, subdivided the same, erected buildings upon various parts of the subdivision and apportioned the cost to each lot and improvement.

3. The petitioner sold a number of the subdivisions with the improvements thereon during the year 1928, and payment in each sale being less than forty per cent of the agreed selling price and the balance in each sale secured by a mortgage upon the particular subdivision sold.

4. The petitioner made a profit on each of the subdivisions sold, the amount of such profit not being in dispute.

5. The books of the petitioner were kept on the accrual basis but in such a manner that the profit on each sale could be computed therefrom on the installment sales basis.

6. On March 14, 1929, the petitioner filed an income tax return for the calendar year 1928 on Form 1120, and included therein as income the total profits on each transaction.

7. At the time of making the return the corporation was not cognizant of the provisions of the Revenue Act of 1928 which permitted a taxpayer to report income on either accrual or installment basis.

8. On January 24, 1930, the petitioner filed an amended return reporting the income on the installment basis, which return shows a loss for the year 1928. The respondent refused to accept the amended return, and determined the deficiency hereon on a completed sales basis.

9. The question involved is whether or not under the above facts the taxpayer may report its income for the year 1928 on the installment basis.

10. If the Board determines that the taxpayer may under the above facts amend its return and report its income on the installment sales basis, the Board shall find an overpayment in the sum of $1,101.89.

11. If the Board determines under the above facts that the taxpayer may not amend its return and report its income on an installment sales basis, the Board shall find a deficiency of $683.65.

The stipulation shows that at the time petitioner's original 1928 return was filed (March 14, 1929), " the corporation was not cognizant " of section 44 of the Revenue Act of 1928, which permitted the filing of this petitioner's return for 1928 upon either accrual or installment basis. Apparently, the privilege of reporting income on either basis was discovered and an amended return filed on January 24, 1930, which petitioner insists should be accepted by the respondent and its tax liability computed therefrom. The legislative history of the provisions of the Revenue Act of 1928 respecting installment sales indicates that, even under the retroactive provisions of section 705, a taxpayer was required to make an election as to the use of the accrual or installment sales basis, upon an original return. (See Conference Report No. 1882, 70th Cong., 1st sess., pp. 24, 25, in re Amendment 215.)

The petitioner having elected on its original return to use the accrual basis of reporting its income, and there being nothing in the record to show that its income would be more clearly or correctly reflected upon the installment sales basis, we hold that its tax liability for 1928 has been properly computed upon the accrual basis. Cf. *H. A. Dunham*, 13 B. T. A. 582; *Renier Music House, Inc.*, 15 B. T. A. 241; *Johnson Realty Trust*, 21 B. T. A. 1333; *Hood & Wheeler Furniture Co.*, 22 B. T. A. 158; *John Wanamaker Philadelphia et al.*, 22 B. T. A. 487, 503.

*Judgment will be entered for the respondent.*