Sylvia S. Strauss, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 67176. Promulgated December 31, 1935.

*Arthur B. Hyman, Esq.*, for the petitioner.
*G. R. Sherriff, Esq.*, and *H. B. Linton, Esq.*, for the respondent.

OPINION.

Black: The issue involved in this case is whether petitioner has the right to report on the installment basis the profit derived in the taxable year on the sale of certain real estate which she had inherited from her husband. A deficiency of $463.12 for the year 1929 is involved.

Petitioner is an individual and resides at Lawrence, Long Island, New York. Prior to 1929 she inherited from her husband certain improved real estate which she sold in that year for the sum of $41,500. In her original income tax return for 1929 the profit on the sale of this property was computed on the basis of the cost thereof to petitioner's husband. On this basis the total profit was $16.63, all of which was reported in the original return. Within a month thereafter, petitioner realized that in computing the profit on the sale of the property acquired by inheritance she should have used as a basis the value of the property at the time of her husband's death. Sec. 113(a) (5), Revenue Act of 1928. Immediately, therefore, petitioner filed an amended return in which she computed the profit on the basis of the value of the property at the date of her husband's death and reported such profit on the installment basis. Sec. 44(b), Revenue Act of 1928. The total profit on the sale was $11,114.33, of which petitioner reported $6,062.40 in her amended return as income for the taxable year. The cash payments received in the taxable year were less than 40 percent of the selling price. The sale was on the installment plan, within the meaning of the statute and the regulations, and on such basis the profit to be returned in the year of sale was the amount reported by petitioner in her amended return. The respondent refused to permit the use of the installment method in reporting petitioner's gain, on the ground that she had elected in her original return to report the profit on the basis of a completed transaction. He added the balance of the profit to income and determined the deficiency here in question.

In our opinion the respondent's determination must be sustained. The facts in the instant case are practically on all fours with the facts in *Liberty Realty Corporation*, 26 B. T. A. 1119. The petitioner there had sold certain real estate on the installment basis in 1928. It, however, filed its original return for 1928 upon the accrual or completed transaction basis for the reason that at that time it was not cognizant of the provisions of the Revenue Act of 1928, section 44 (b), *supra*, which permitted a taxpayer to report income from installment sales on either the completed transaction basis or installment basis. We held, nevertheless, that the petitioner there could not later file an amended return upon the installment basis. In the instant case, petitioner sold certain real estate on the installment basis in 1929. In her original return she likewise reported upon the completed transaction basis due to a mistaken knowledge of the law. The only difference between the two cases is that in *Liberty Realty Corporation* the petitioner acted without actual knowledge of section 44 (b), *supra*, while here, the petitioner acted without knowledge of section 113 (a) (5), *supra*. This difference, however, does not require a different result. We hold,

therefore, that the respondent was correct in refusing to permit petitioner to report the income in question upon the installment basis. To the same effect see *Ambridge Furniture Co.* v. *Heiner* (U. S. D. C. W. Dist. Pa., Oct. 25, 1935). Cf. *Morgan Rundel*, 21 B. T. A. 1019; *Johnson Realty Trust*, 21 B. T. A. 1333; *Sarah Briarly*, 29 B. T. A. 256.

Reviewed by the Board.

*Decision will be entered for the respondent.*

---

Matthews, dissenting: Under the provisions of section 44 of the Revenue Act of 1928 a taxpayer may report on the installment basis the profit from the sale of real estate where the initial payments received in cash in the year in which the sale is made do not exceed 40 percent of the selling price. In such cases it is obvious that the amount of profit to be derived from the sale is the important factor in determining whether the income therefrom shall be reported on the installment basis. If the total profit to be realized is so small in amount as to be negligible, or there is a loss on the sale, there is no occasion to determine whether the sale is an installment sale and, therefore, no occasion for an election. A total profit of $16.63 is a negligible amount. When, therefore, petitioner reported a total profit of $16.63 in her original return, it was not an election to report an $11,000 profit on the completed transaction basis. She made no election as to how she would report the $11,000 profit until she filed her amended return, a month after filing the original return, and reported such profit on the installment basis. The Commissioner should have permitted the petitioner to report the profit to be realized on the installment basis, as she had a right to do under section 44, Revenue Act of 1928. (*Anna D. Jamieson* v. *United States*, Dist. Ct. of Mass., decided Nov. 26, 1935.)

Van Fossan and McMahon agree with this dissent.