WALTER E. BUCK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 87922.    Promulgated September 8, 1939.

*Norman A. Eisner, Esq.*, for the petitioner.
*Arthur L. Murray, Esq.*, for the respondent.

### OPINION.

HARRON: The Commissioner determined a deficiency in petitioner's income tax for the year 1933 in the amount of $1,170.42. In his income tax return the petitioner reported as income the entire proceeds from the sale, in 1933, of rights to subscribe to additional common stock of the American Commercial Alcohol Corporation, which treatment he thereafter claimed was error in protests addressed to the Commissioner and in the petition to this Board. The Commissioner, in determining the deficiency, refused to allow petitioner to correct the purported error by applying a method provided in article 58 of Regulations 77 (Act of 1932) for ascertainment of cost of the rights to subscribe and for computation of gain or loss upon sale of the rights, on the ground that petitioner, having elected to report as income the entire proceeds of the sale of the rights, is estopped from claiming a loss. Petitioner claims that he sustained a loss in 1933 upon sale of the rights.

The facts have been stipulated and they are as follows:

The petitioner, as of February 28, 1929, acquired 2,040 shares of common stock of the American Commercial Alcohol Corporation, the cost basis of which is $77 per share,[1] or a total of $157,080. Sub-

---

[1] The value of $77 per share was determined in *Walter E. Buck*, B. T. A. memorandum opinion entered December 27, 1934; affd., 83 Fed. (2d) 786.

sequently, on September 14, 1929, rights to subscribe to additional shares of the common stock of the above mentioned corporation were issued to stockholders of record. Petitioner, as a stockholder of record, received his pro rata share of these rights, which he sold during the same year for $1,874.34. In his 1929 income tax return the petitioner reported this $1,874.34 as income, without deducting therefrom the cost of the rights sold. The return so prepared reflected no tax due.

Prior to June 14, 1933, petitioner received 100 additional shares of common stock of the same corporation as stock dividends on the original 2,040 shares, thereby increasing the number of shares held to 2,140, as of June 14, 1933. The corporation issued to stockholders of record on June 14, 1933, additional rights to subscribe to common stock. The petitioner received, in 1933, his pro rata share of new rights. He sold the rights in 1933 for $4,815.

Petitioner's 1933 Federal income tax return was prepared by a bookkeeper in his employ and in the preparation thereof the entire amount of $4,815 was included as income, without deduction of the cost basis of the rights sold.

According to the method provided in article 58 of Regulations 77, Revenue Act of 1932, for ascertainment of the cost of rights to subscribe and for computation of gain or loss upon the sale thereof, the percentage of cost basis of the stock applicable to the rights received by the petitioner and sold in 1933 is 7.536765 percent, or $11,838.75 (7.536765% of $157,080). The excess of the cost basis over the proceeds of the sale is therefore $7,023.75 ($11,838.75—$4,815.)

The foregoing facts are not in dispute. The only question involved is whether petitioner is estopped from claiming a deduction for a loss sustained from the sale of the rights to subscribe because he originally reported the entire proceeds from such sale as income in his 1933 income tax return.

Article 58 of Regulations 77 (at page 18), promulgated under section 22 (a) of the Revenue Act of 1932,[2] in so far as applicable herein, is as follows:

The taxpayer may at his option include the entire proceeds from the sale of stock rights in gross income, in which case the basis for determining gain or loss from the subsequent sale of the stock in respect of which the rights were issued shall be the same as though the rights had not been issued.

The petitioner contends that there is no right or basis under the law to include the gross selling price of rights to subscribe to stock

[2] * * * "Gross income" includes gains, profits, and income derived from * * * sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; * * * .

as income, and that a regulation is invalid which gives a taxpayer the right to include in income that which is not in fact income.

In *Miles* v. *Safe Deposit & Trust Co. of Baltimore*, 259 U. S. 247, the taxpayer had sold a right to subscribe to stock for $12,546.80. The Commissioner determined that the entire amount was income for the year and determined a tax accordingly. The Supreme Court held that "the subscription right of itself constituted no gain, profit or income taxable without apportionment under the Sixteenth Amendment" and that only so much of the proceeds of sale as represented a realized profit over and above cost constituted taxable income.

The same question which is present here was before the court in *Continental Bank & Trust Co. of New York* v. *United States*, 19 Fed. Supp. 15. The court held that the portion of article 58 of the regulations which grants the taxpayer the option to include as income that which is not income would appear to be invalid. After referring to *Miles* v. *Safe Deposit & Trust Co.*, *supra*, and *Eisner* v. *Macomber*, 252 U. S. 189, the court stated as follows:

> * * * Sections 111 (a) and 113 (a) of the 1928 Revenue Act, * * * provide that the gain from the sale of property shall be the excess of the amount realized over the cost of the property. Therefore, that portion of Article 58 of the Regulations which grants to the taxpayer the option to include as income that which is not income would appear to be invalid since it exceeds and is inconsistent with the law. * * *

> It follows from this that the plaintiff is not bound by the determination of its predecessor to report the entire proceeds of the sale as income. There are no elements of estoppel in the case and no amount of administrative expediency or convenience would justify precluding the plaintiff from asserting an overpayment.

> * * * * * * *

> * * * Under the statute, there was only one legal method of reporting the profit on the sale of the stock subscription rights and the method adopted by plaintiff's predecessor was improper. Plaintiff cannot be bound by any such claimed election.

The case, *Lebolt & Co.* v. *United States*, 67 Ct. Cls. 422, relied upon by respondent, holds that where there are two methods of making an income tax return, either one of which is legal and proper, and the taxpayer has made his return in accordance with one of these methods, no change to the other method may be made thereafter. That case involved two methods of accounting pertaining to the deduction of customs duties, both of which methods were legal and proper. However, under that part of the regulation herein involved, the respondent gives an option to taxpayers to treat the entire proceeds from the sale of rights to subscribe as income without legal or statutory authority. Furthermore, section 111 (a) of the Revenue Act of 1932 specifically provides that:

\* \* \* the gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the adjusted basis provided in section 113 (b), and the loss shall be the excess of such basis over the amount realized.

The cases, *Sylvia S. Strauss*, 33 B. T. A. 855; affd., 87 Fed. (2d) 1018, and *Grant* v. *Rose*, 24 Fed. (2d) 115; affd., 39 Fed. (2d) 340; certiorari denied, 283 U. S. 867, cited by the respondent, are not applicable. Both cases involved rights of election granted by law, the first involving the right under section 44 (b), 1928 Act, to report income from installment sales on either the completed transaction basis or installment basis, and the second involving the right given in section 223 (b), 1921 Act, to a husband and wife living together to file either joint or separate returns.

In our opinion the part of article 58, *supra*, is invalid in so far as it grants the right to include in gross income the entire proceeds from the sale of subscription rights. The authority given the Secretary of the Treasury to make rules and regulations for the administration of the revenue laws does not include the power to alter or amend such laws. *Morrill* v. *Jones*, 106 U. S. 466. The part of the regulation which purports to allow a taxpayer to include in gross income the entire proceeds of sale of subscription rights does not, if erroneously followed, bar a taxpayer from correcting the error and applying other, valid parts of the regulation in determining the cost basis of the rights and computing gain or loss upon sale thereof.

We therefore hold that the petitioner is not estopped from claiming the loss of $7,023.75 sustained in 1933 from the sale of the subscription rights. The loss was sustained and it is deductible in 1933.

*Decision will be entered under Rule 50.*

