**SCALES et al.**

v.

**COMMISSIONER OF INTERNAL REVENUE.**

**No. 11944.**

United States Court of Appeals, Sixth Circuit.

Feb. 19, 1954.

---

Cecil Sims, Nashville, Tenn., Cecil Sims, W. W. Berry, James W. Allen, Nashville, Tenn., Bass, Berry & Sims, Nashville, Tenn., of counsel, on the brief, for petitioner Scales et al.

Carolyn R. Just, Washington, D. C., H. Brian Holland, Ellis N. Slack, Robert

N. Anderson, Carolyn R. Just, Washington, D. C., on the brief, for respondent.

Before ALLEN, MARTIN and McALLISTER, Circuit Judges.

PER CURIAM.

This case has been heard and considered on the record and on the briefs and oral arguments of attorneys for the contending parties.

It appears that the Tax Court of the United States held that the petitioning taxpayers, husband and wife, could not claim the right to report capital gain from the sale of a dairy farm and cattle on the installment basis in accordance with section 44(b) of the Internal Revenue Code, 26 U.S.C.A. § 44(b), for the reason that the taxpayers reported payments received on a lease-sale contract [held to be a sale] of a farm and dairy herd in 1943 as rent and not as payments from a sale, even though they reported the same amount as would have been reported as payments from an installment sale. The Tax Court held that the petitioners had not made an election in a timely filed income tax return to report the capital gain on the installment method under section 44(b), wherefore the entire capital gain was said to be taxable in 1943.

We think that, upon the authority of our decision in United States v. Eversman, 6 Cir., 133 F.2d 261, the court erred. In that case, we held that the taxpayer was entitled to the benefit of section 44(b) of the Internal Revenue Code upon facts which, in principle, are not to be distinguished from those of the instant case. In the Eversman case, we said, 133 F.2d 266, that the failure of the taxpayer "to adopt fruitless ritualistic measures" should not foreclose the allowance to her of all lawful benefits to which she was entitled under the statute. We stated that we found no force in the argument that Mrs. Eversman was required to make an express election in her income tax return in order to receive the benefits available to her under sections 44(b) and 44(d) of the statute.

We cited as directly in point in the Eversman case, and we think also in point here, the decision of the United States Court of Appeals for the Third Circuit in Boca Ratone Co. v. Commissioner of Internal Revenue, 86 F.2d 9.

Wherefore, the judgment of the Tax Court is reversed; and the cause is remanded for further procedure in conformity with this opinion.