MARION C' DE BACA, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 83884. Filed August 14, 1962.

*Robert E. Davis, Esq.*, for the petitioner.
*Harold D. Rogers, Esq.*, for the respondent.

OPINION.

BLACK, *Judge:* The Commissioner has determined deficiencies in income tax and additions to tax for the years 1953 and 1954, as follows:

| Year | Deficiency | Additions to tax, I.R.C. 1939 | | | |
|------|-----------|------------|------------|------------|------------|
| | | Sec. 291(a) | Sec. 293(a) | Sec. 294(d) (1)(A) | 1 Sec. 294(d) (2) |
| 1953 | $18,532.44 | $4,633.11 | $1,113.53 | $2,004.37 | $1,336.24 |
| 1954 | 469.67 | | | 102.67 | 66.60 |

1 Respondent concedes that this addition to the tax was erroneously determined.

| Year | Additions to tax, I.R.C. 1954 | |
|------|------------|------------|
| | Sec. 6651(a) | Sec. 6653(a) |
| 1953 | | |
| 1954 | $117.42 | $55.50 |

The deficiency for 1953 is due to the following adjustment:

ADJUSTMENT TO NET INCOME.

| | |
|---|---|
| Net income shown on return | $15,195.59 |
| Additional income: | |
| (a) Installment sale | 30,416.56 |
| Net income as adjusted | 45,612.15 |

Adjustment (a) is explained in the deficiency notice as follows:

(a) It is determined that you are not entitled under the internal revenue laws to report the gain of $90,911.00 realized on the sale of your farm in 1953 on the installment basis; your net long-term capital gain is therefore adjusted as follows:

| | |
|---|---|
| Long-term gain on sale of farm | $90,911.00 |
| Long-term loss on sale of lots | (247.13) |
| Net long-term capital gain | 90,663.87 |
| Amount includible in taxable income (50%) | 45,331.94 |
| Amount reported on return | 14,915.38 |
| Increase in income | 30,416.56 |

The deficiency for 1954 is due to the following adjustments:

ADJUSTMENTS TO TAXABLE INCOME.

| | | |
|---|---|---|
| Taxable income shown on return | | $3,144.23 |
| Unallowable deductions: | | |
| (a) Medical expense | $263.95 | |
| (b) Dependency deductions | 1,800.00 | 2,063.95 |
| Taxable income as adjusted | | 5,208.18 |

An oral stipulation was entered into by the parties and was read into the record as follows:

On November 16, 1953, the Pizza Cafe, a cafe owned and operated by petitioner and her three daughters, suffered a loss from fire which resulted in the discontinuance of this business.

Petitioner claimed a $400 fire loss on her 1953 return with respect to said fire, which amount was allowed by respondent.

The facts were all stipulated and are found as stipulated. The following is a substantial statement of the facts stipulated:

Petitioner Marion C' de Baca, also known as Marion C' de Baca Torres, during the years here involved, 1953 and 1954, lived in Amarillo, Texas, and her returns for those years were filed with the district director of internal revenue, Dallas, Texas, on March 26, 1957.

On November 20, 1952, petitioner was divorced from her then husband, Frank C' de Baca. She was awarded the care and custody of their three minor daughters: Patsy, Mary Margaret, and Nancy Elizabeth.

In May 1953, petitioner became a patient of a physician in Amarillo, Texas, at which time she was suffering from a pelvic disorder.

On October 12, 1953, petitioner sold her farm located in Hale County, Texas, to Thomas W. Browning for $118,400. Petitioner incurred selling expenses of $8,320.15 and the property had an adjusted basis of $19,168.85. The sale resulted in a net gain to petitioner of $90,911. The selling price of $118,400 was paid as follows:

| | |
|---|---|
| Cash | $20,000 |
| Loan assumed | 32,000 |
| Ten notes at $6,640 | 66,400 |
| (Payable annually) | 118,400 |

The payments to petitioner in the first year under said contract of sale were less than 30 percent of the selling price. This result is correctly computed as follows:

| | | |
|---|---|---|
| Cash received | | $20,000.00 |
| Loan assumed by purchaser | $32,000.00 | |
| Less: Adjusted basis of land | 19,168.85 | 12,831.15 |
| Total payments | | 32,831.15 |
| 30% of selling price ($118,400) | | 35,520.00 |

Thirty percent of the selling price exceeds the payments received in the first year by $2,688.85. On her income tax return for the taxable year 1953, filed on March 26, 1957, petitioner reported this sale on an installment basis and has paid income taxes on said sale on the installment basis for the taxable years 1953 and 1954.

During December 1953, petitioner underwent an operation at Northwest Texas Hospital, and in February and June 1954, she was also

seen by her physician. In July 1955, petitioner suffered an acute gallbladder attack and was found to have stones. Surgery was recommended relative to her gallbladder condition but this was postponed until September 1955. She was then hospitalized and her gallbladder was removed by a physician in Amarillo, Texas.

Petitioner did not file estimated tax returns for the years 1953 and 1954.

Petitioner contests the foregoing adjustments by appropriate assignments of error.

The issues raised by the pleadings and the stipulated facts may be stated as follows:

(1) Whether petitioner is entitled to the benefit of the election to report a 1953 realty sale of her farm on the installment basis where the facts show she failed to file her 1953 return until March 1957?

(2) Was petitioner's failure to file timely 1953 and 1954 income tax returns due to negligence or to intentional disregard of rules and regulations?

(3) Was petitioner's failure to file timely 1953 and 1954 income tax returns due to reasonable cause and did the Commissioner err in imposing additional tax for delinquent filing of return?

(4) Was petitioner's failure to file declaration of estimated 1953 and 1954 tax due to reasonable cause and did the Commissioner err in imposing additions to tax under section 294 (d) (1) (A)?

### *Issue 1.*

We think that under the facts of the instant case this issue should be decided in favor of respondent. Section 44 of the 1939 Code reads as follows:

SEC. 44. INSTALLMENT BASIS.

(b) SALES OF REALTY AND CASUAL SALES OF PERSONALITY [sic].—In the case (1) of a casual sale or other casual disposition of personal property (other than property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year), for a price exceeding $1,000, or (2) of a sale or other disposition of real property, if in either case the initial payments do not exceed 30 per centum of the selling price (or, in case the sale or other disposition was in a taxable year beginning prior to January 1, 1934, the percentage of the selling price prescribed in the law applicable to such year), the income may, under regulations prescribed by the Commissioner with the approval of the Secretary, be returned on the basis and in the manner above prescribed in this section. As used in this section the term "initial payments" means the payments received in cash or property other than evidences of indebtedness of the purchaser during the taxable period in which the sale or other disposition is made.

After citing the foregoing section, respondent lays down the proposition that petitioner is not entitled under the facts of the instant case to the benefit of the election to report a 1953 realty sale of her farm on the installment basis where she failed to file her 1953 return until

March 1957. Petitioner, on the other hand, contends that she is entitled to report the amounts she received in 1953 and 1954 on the installment basis notwithstanding she did not file her returns for 1953 and 1954 until March 26, 1957. There is no dispute that the payments which petitioner received in 1953 on the sale of her farm qualified as installment payments as defined by the statute. Respondent does not dispute that fact. He freely concedes that if petitioner had filed a timely income tax return for 1953 electing to report the payment which she received in that year on the installment basis, she would have been entitled to do so. But his contention is that she cannot wait to file such return until March 26, 1957, and then elect to file on the installment basis. His contention is that she had lost her right to so elect by not filing a timely return. It is petitioner's contention in her brief that neither the statute nor the regulations require that the return should be timely filed and therefore when petitioner filed her 1953 and 1954 returns on March 26, 1957, she had not lost her right to use the installment basis on the sale of her farm in 1953. In Rev. Rul. 93, 1953–1 C.B. 82, it was ruled as follows:

An election to report a sale of property on the installment basis, under section 44 of the Internal Revenue Code, must be exercised in a timely filed Federal income tax return for the taxable year in which such sale was made, otherwise the right of such an election is forfeited. (See *Sarah Briarly et al.* v. *Commissioner*, 29 B.T.A. 256.)

It seems unquestionably true what we have said, that for a taxpayer to take advantage of a sale of real estate on the installment basis the taxpayer must file a timely income tax return in which he exercises his election to file on the installment basis. We so held in *W. A. Ireland*, 32 T.C. 994 (1959), where we said at page 997:

This Court has held consistently that a taxpayer must make a timely election in order to obtain the benefits of the installment basis provisions. In *Sarah Briarly*, 29 B.T.A. 256, the taxpayer realized income in 1928 from the sale of real estate. No income tax return was filed by the taxpayer for 1928, and the collector, in 1931, prepared a return for 1928 and included in taxpayer's income the entire gain from the sale in that year. The taxpayer argued that she was entitled to report her gain from the sale on the installment basis. This Court rejected the taxpayer's contention and said:
"Where benefits are sought by taxpayers, meticulous compliance with all named conditions is required. *Lucas* v. *Pilliod Lumber Co.*, 281 U.S. 245. The statute here involved provides that in the case of an installment sale of real estate "the income may * * * be returned" on the installment basis. This, in our opinion, requires both timely and affirmative action on the part of those seeking to take advantage of the benefits conferred by the statute. * * *"

It is, of course, true that the facts of the instant case are not the same as those in *W. A. Ireland, supra,* or in *Sarah Briarly*, 29 B.T.A. 256 (1933), but it has certainly been our holding that the return of the taxpayer must be timely filed in order to take advantage of the

installment basis. See *Cedar Valley Distillery, Inc.*, 16 T.C. 870 (1951).

Petitioner relies upon authorities to support her contention which we think are not in point to the facts of the instant case. Petitioner relies upon *John F. Bayley*, 35 T.C. 288 (1960). In that case the taxpayer had sold his residence and was endeavoring to avail himself of the nonrecognition provision of the statute which allows him to reinvest the money received in other similar property within a certain length of time and if he does so, the gain will not be recognized for income tax purposes. In the *Bayley* case the taxpayer lost out on that issue and asked to amend his petition and avail himself of the privilege of reporting the gain on the sale of his residence on the installment basis. Under the circumstances of that case we allowed him to so amend his pleadings.

In *Jack Farber*, 36 T.C. 1142 (1961), relied upon by petitioner, the taxpayer had not received any money at all in the year of sale. In the *Farber* case the sale had been made in 1952 but the taxpayer did not receive any payment in that year. In 1953, he did receive a payment which qualified as an installment basis payment. In returning the amount which the taxpayer received in 1953, we allowed him to use the installment basis. In doing so we said at page 1153:

In his returns for the years 1953 and 1954, when payments were received, the petitioner reported gain on the sale on the installment basis. Under these circumstances, we think it reasonable to conclude that the petitioner timely elected to report the income from the sale on the installment basis. * * *

It is obvious that the facts of the *Bayley* case and the *Farber* case are entirely different from those present in the instant case. Therefore, we think that petitioner's reliance on those cases is misplaced.

Another case upon which petitioner strongly relies is *Hornberger* v. *Commissioner*, 289 F. 2d 602 (C.A. 5, 1961), reversing a Memorandum Opinion of this Court. In that case the court, in reversing the Memorandum Opinion of this Court said, among other things:

It is, of course, necessary for the taxpayer to report his income for tax purposes. Normally, this obligation is met by taxpayers who report all transactions that result in taxable income. To the extent that one fails to do this he is immediately faced with the obligation of accounting for such failure. If due to negligence or fraud moderate to heavy sanctions are imposed. If resulting from honest error, as here, all that is required is that the omission be rectified, if not voluntarily by the taxpayer, then upon deficiency notice from the Commissioner. Here the government seeks to invoke a heavy sanction in the case of a nonnegligent good faith omission that the statute does not expressly authorize. Nor does the regulation promulgated by the Commissioner under authority of the statute authorize it. * * *

In the instant case, as has been stipulated, petitioner did not file her income tax return for the year 1953, when her farm was sold and the installment payment here in question was received, until in March

1957. Here we do not think, to use the language of the Fifth Circuit, it can be said that there was any "non-negligent good faith omission" by the taxpayer. It seems to us, under the facts which have been stipulated, that the petitioner was clearly guilty of negligence in failing to file her income tax return for 1953 until March 1957. On Issue 1 we sustain respondent. *Sarah Briarly, Cedar Valley Distillery, Inc.,* and *W. A. Ireland,* all *supra.*

In her income tax return for 1954, petitioner returned as taxable income on the installment basis the installment payment which she received in said year. The Commissioner, although he included the entire income from the transaction in 1953 in his deficiency notice and computed the deficiency for 1953 on that basis, made no change in petitioner's reporting the installment payment received in 1954. We having sustained respondent in his contention that petitioner had lost her right to report the sale on the installment basis by her late filing of her return for 1953 and that all the income from the sale should be included in petitioner's income for 1953, manifestly the amount which petitioner reported in 1954 from the same sale should not be included in petitioner's income for 1954. In a recomputation under Rule 50 our holding in this respect should be taken into account.

## *Issue 2.*

The Commissioner has imposed additions to tax for negligence under section 293 (a) of the 1939 Code and section 6653 (a) of the 1954 Code. Section 293 (a) of the 1939 Code reads:

If any part of any deficiency is due to negligence, or intentional disregard of rules and regulations but without intent to defraud, 5 per centum of the total amount of the deficiency (in addition to such deficiency) shall be assessed, collected, and paid in the same manner as if it were a deficiency * * *

Section 6653(a) of the 1954 Code provides similarly. The Commissioner's determination of the additions to tax for negligence is presumed to be correct. The applicable statutes and the Treasury regulations provide, for example, that petitioner's income tax return for the taxable year 1953 should be filed on or before March 15, 1954. A similar provision is contained in the 1954 Code and the regulations which pertain thereto as to petitioner's taxable year 1954. Certainly, the undisputed fact that petitioner did not file her income tax returns for 1953 and 1954 until March 26, 1957, was not a compliance with the respective statutes and regulations governing 1953 and 1954. No extension had been granted petitioner by the director of internal revenue to file her returns. The petitioner did not testify and we think the facts which have been stipulated are not sufficient to overcome the presumptive correctness of the Commissioner's determination that additions to tax for negligence should be imposed under section 293 (a) of the 1939 Code and section 6653 (a) of the 1954 Code.

## Issue 3.

It has been stipulated that petitioner did not file her 1953 return until March 26, 1957. Manifestly, it was a delinquent return and the Commissioner has imposed an addition to tax under section 291(a) of the 1939 Code. That section reads:

(a) In case of any failure to make and file return required by this chapter, within the time prescribed by law or prescribed by the Commissioner in pursuance of law, unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the tax: 5 per centum if the failure is for not more than thirty days with an additional 5 per centum for each additional thirty days or fraction thereof during which such failure continues, not exceeding 25 per centum in the aggregate. * * *

Section 6651(a) of the 1954 Code provides similarly.

Petitioner did not testify at the hearing and we do not regard the facts which have been stipulated as furnishing reasonable cause for the failure to file her returns for 1953 and 1954 within the time required by law. The Commissioner is sustained in his imposition of additions to tax under section 291(a) of the 1939 Code and section 6651(a) of the 1954 Code.

## Issue 4.

It has been stipulated that petitioner filed no returns of estimated tax for either of the years 1953 and 1954 and the Commissioner in his deficiency notice has imposed additions to tax under section 294(d)(1)(A) of the 1939 Code for each of the taxable years. We do not regard the facts which have been stipulated as sufficient to show reasonable cause for failure to file estimated tax under section 294(d)(1)(A). On this issue the Commissioner is sustained. Amounts of additions to tax which have been approved under Issues 2, 3, and 4 are, of course, subject to recomputation under Rule 50.

The Commissioner concedes that he erred in imposing additions to tax under section 294(d)(2).

Respondent concedes that he erred in his notice of deficiency in disallowing two of petitioner's claimed dependency exemptions in 1953 and one of petitioner's claimed dependency exemptions in 1954. Petitioner concedes that respondent did not err in his statutory notice of deficiency in disallowing one of the dependency exemptions claimed on her 1953 return and two of the dependency exemptions claimed on her 1954 return.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

FISHER, MULRONEY, and FAY, *JJ.*, dissent.

PIERCE, *J.*, dissenting: The Court herein has, in substance and effect, imposed on the petitioner a unique and harsh "sanction" for her delay in filing her 1953 income tax return. It has held that, *solely* because the return in which she elected to use the installment basis for reporting gain from the sale of her farm was filed *out of time*, all the benefits of the installment sale basis provided by section 44(b) of the 1939 Code, which otherwise would be available to her, were "forfeited" and "lost." In my view, such holding is wholly unauthorized, either by the controlling statute or by applicable income tax regulations prescribed thereunder; it is not supported by the weight of judicial authority; and it also is out of harmony with a recent decision of the controlling circuit of the Court of Appeals, in which the decision of this Court was reversed.

1. Section 44(b) of the 1939 Code, which is the controlling statute, authorizes the use of the installment basis for reporting gains from sales of property which meet the conditions therein specifically prescribed. The terms of this statute are wholly permissive in character; and they contain no provision for "forfeiture" of the benefits therein provided, solely because of untimeliness in the filing of the taxpayer's return. They provide, so far as here material:

(b) SALES OF REALTY AND CASUAL SALES OF PERSONALITY [*sic*].—In the case * * * (2) of a sale or other disposition of real property, if in either case the initial payments do not exceed 30 per centum of the selling price * * *, *the income may*, under regulations prescribed by the Commissioner with the approval of the Secretary, *be returned on the basis and in the manner above prescribed* in this section [i.e., on the installment basis]. [Emphasis supplied.]

Section 39.44 of Income Tax Regulations 118 (1953), which is the regulation prescribed for said statute, is to the same effect. Its provisions set forth specific and detailed rules for implementation of the statute; but it, likewise, contains no provision to the effect that where the prescribed statutory conditions have been met, the benefits of the statute will nevertheless be "forfeited" and "lost" if the taxpayer's return is filed out of time.

The 1939 Code, in section 291(a) thereof, itself specifies the nature and extent of the sanction which may be imposed in certain situations where a taxpayer's return is filed out of time. Such statutory sanction is in the form of an "Addition to the Tax," which in no way alters or affects the amount of the tax computed under other sections of the Code. Rather, such statutory sanction is measured in relation to the tax otherwise computable; and its amount is gauged with respect to the length of the period of the taxpayer's delinquency, up to a specified maximum amount.

All these provisions of the Code express the policy and will of the Congress; and it is not within the power of the courts to either add to or subtract therefrom. The Court here appears to have read into the statute a requirement not found there.

2. In the instant case, there is no question that the petitioner did meet all the conditions precedent to the use of the installment basis which are specified in the above statute and regulations. The Court stated in its opinion herein: "There is no dispute that the payments which petitioner received in 1953 on the sale of her farm qualify as installment payments as defined by the statute * * * [and respondent] does not dispute that fact." The Court also found that petitioner *did file an income tax return* for the year 1953 (although the same was filed out of time), that she therein reported the sale of her farm on the·installment basis, and that in accordance with such return, she paid income taxes on the sale, which she computed on the installment basis. Moreover, the deficiency notice herein shows that the respondent accepted such return and, in determining the deficiency for the year 1953, he computed such deficiency with respect to the "net income shown on return." Indeed, such method for determining the deficiency is the one specifically required by sections 271(a) and 272 of the 1939 Code, for use in cases where "a return was made by the taxpayer."

The harshness of the Court's decision herein lies in the fact that, solely by reason of untimeliness in the filing of petitioner's 1953 return, the Court approved not merely an "Addition to the Tax" computed in the manner provided by section 291(a) (which would have been proper), but approved rather an *accumulation of increased liabilities* and additions to tax as follows:

(a) A deficiency of $18,532.44, imposed by reason of the "forfeiture" of the taxpayer's privilege of using the installment basis, because the return was untimely.

(b) An increased sanction under section 291(a), in the amount of $4,633.11—computed with respect to the enlarged tax resulting from the "forfeiture" of petitioner's privilege to use the installment basis.

(c) Another sanction under section 293(a), for negligence of the taxpayer in failing to observe the requirement for prompt filing of the return—again computed with respect to the increased tax resulting from said "forfeiture."

(d) Still another increased sanction under section 294(d)(1)(A), for the taxpayer's failure to file a declaration of estimated tax—with the amount thereof being again measured by the increased tax resulting from said "forfeiture."

Since the "forfeiture" principle which the Court has approved, is based solely on "untimeliness" of the petitioner's return, it would seem to follow that such principle would be applicable in all similar cases involving untimely returns—even though the delay in filing were only for a single day, and even though such delay was "due to reasonable cause and not due to willful neglect" (for which Congress has eliminated the imposition of any sanction under section 291(a)).

All of this appears to me, to deviate from and be inconsistent with the scheme of the statute.

3. Judicial authority does not support the Court's application of said "forfeiture" principle, under which the taxpayer was deprived of the benefits of the installment basis provided by section 44(b) of the Code.

The Court indicated in its opinion, that it relied principally on three of our own prior decisions: *Sarah Briarly*, 29 B.T.A. 256; *W. A. Ireland*, 32 T.C. 994; and *Cedar Valley Distillery, Inc.*, 16 T.C. 870. But all these cases are distinguishable on their facts, and are not apposite. None of them involved a situation (like the present) where the taxpayer had elected to use the installment basis, in an original return filed for the year of the sale; but rather, they were cases in which the taxpayer attempted, either at the trial or through use of an amended return, to switch his method of accounting to the installment basis. In the *Briarly* case, the taxpayer filed *no return* at all; and the collector then filed a return for her, after some 2 or more years, in which he treated the entire profit as income for the year of the sale. And in both the *Ireland* case and the *Cedar Valley* case, the taxpayer did file a return for the year of the sale, but did not therein report the sale transaction, or compute his profit on the installment basis.

The Court of Appeals for the Sixth Circuit has in two cases (*United States* v. *Eversman*, 133 F. 2d 261; and *Scales* v. *Commissioner*, 211 F. 2d 133, reversing 18 T.C. 1263) pointed out that section 44(b) of the applicable statute defines its own requirements for use of the installment basis; and it stated that the failure of the taxpayer "to adopt fruitless ritualistic measures should not foreclose the allowance * * * [to the taxpayer] of all lawful benefits under the statute."

More recently, the Court of Appeals for the Fifth Circuit (which is the circuit that would normally have jurisdiction of any appeal from the decision in the instant case) decided the case of *Hornberger* v. *Commissioner*, 289 F. 2d 602, reversing a Memorandum Opinion of this Court. In that case, due to error by an accounting firm, a sale of realty which met all requirements of section 44(b) for use of the installment basis in computing the taxable gains therefrom, was not reported on the taxpayer's return; and this Court denied the taxpayer an opportunity to correct the error and have the benefit of the installment basis—on the ground that the election to use such basis was untimely. The Fifth Circuit however, in reversing our decision, cited with approval the above-mentioned decisions of the Sixth Circuit in the *Eversman* and *Scales* cases, and allowed the use of the installment basis. It took the position that the Government, in denying to the taxpayer the privilege of using the installment basis, was reading

620

into the statute a requirement for timely election not found there; and was seeking "to invoke a heavy sanction" that neither the statute nor the regulation promulgated thereunder, expressly authorized.

For all the above reasons, I respectfully dissent from the Court's holding herein—that the petitioner, solely by reason of the untimely filing of her 1953 return in which she elected to use the installment basis, had "forfeited" and "lost" all the benefits of that basis provided by section 44(b) of the Code.

FORRESTER and DRENNEN, *JJ.*, agree with this dissent.