*Decision will be entered under Rule 50.*

JOHN W. COMMONS AND ETHEL COMMONS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 38696.    Promulgated August 13, 1953.

*Arthur D. Shores, Esq.*, for the petitioners.
*R. B. Wallace, Esq.*, for the respondent.

### OPINION.

BLACK, *Judge:* In 1948, petitioners sold real estate for a total profit of $20,165.05, receiving down payments in the amount of $1,050 and the balance to be paid in installments. Petitioners omitted these sales from their income because of the erroneous belief that they could wait to report them until the year when the final installment had been paid to them. Petitioners had in prior years made the same error without the Commissioner's challenging their method. The Commissioner has included in petitioners' income one-half of the total profit from these sales made during the year as long-term capital gains of completed sales. Petitioners now contend that they are entitled to report the income either in accordance with their consistently followed method or under the installment method of accounting under section 44 of the Code.

The primary test for determining the time of taxation of income from the sale of property has been stated by the Court of Appeals for the Second Circuit in *Commissioner* v. *Union Pac. R. Co.*, 86 F. 2d 637, as follows:

A closed transaction for tax purposes results from a contract of sale which is absolute and unconditional on the part of the seller to deliver to the buyer a deed upon payment of the consideration and by which the purchaser secures immediate possession and exercises all the rights of ownership. The delivery of a deed may be postponed and payment of part of the purchase price may be deferred by installment payments; but for taxing purposes it is enough if the vendor obtains under the contract the unqualified right to recover the consideration. Commissioner v. North Jersey Title Ins. Co., 79 F. (2d) 492 (C. C. A. 8); Helvering v. Nibley-Mimnaugh Lumber Co., 63 App. D. C. 181, 70 F. (2d) 843; Commissioner v. Moir, 45 F. (2d) 356 (C. C. A. 7).

The contracts of sale pertaining to the real estate which the taxpayer sold in 1948 are not in evidence. We do not know what provisions these contracts contained, but the parties stipulated at the hearing, as follows:

Mr. WALLACE [attorney for the Commissioner]. I would like to stipulate unreported capital gain sales made in the year 1948 in the total amount of $20,165.05. That is the total amount of the capital gain. Do you so stipulate?

Mr. SHOBES [attorney for petitioners]. Yes.

The COURT. Well, the stipulation is noted in the record.

In view of the fact that petitioners have stipulated that they had a capital gain in 1948 of $20,165.05 from the sale of real estate, it seems clear that under the foregoing decision of the Second Circuit in the *Union Pac. R. Co.* case, *supra*, all of this capital gain is to be reported in 1948, unless it is to be deferred under section 44 of the Code relating to installment sales.

Section 44 (b) (2) authorizes the use of installment method of accounting for the sale of real estate under certain conditions:

SEC. 44. INSTALLMENT BASIS.

      *         *         *         *         *         *         *

(b) SALES OF REALTY AND CASUAL SALES OF PERSONALTY.—In the case * * * (2) of a sale or other disposition of real property, if in either case the initial payments do not exceed 30 per centum of the selling price (or, in case the sale or other disposition was in a taxable year beginning prior to January 1, 1934, the percentage of the selling price prescribed in the law applicable to such year), the income may, under regulations prescribed by the Commissioner with the approval of the Secretary, be returned on the basis and in the manner above prescribed in this section. As used in this section the term "initial payments" means the payments received in cash or property other than evidences of indebtedness of the purchaser during the taxable period in which the sale or other disposition is made.

Petitioners thus had the option of reporting installment sales on the completed sale basis when made or the section 44 installment method. In fact petitioners used a third method not in the statute:

the completed sale was reported in the year the last installment was paid.  In using this latter method, petitioners reported no gain at all from the sales of real estate which they made in 1948.  This was not permissible unless petitioners elected to report on the installment method and even under the installment method petitioners would have had to report the proportion of gain properly attributable to the $1,050 cash payments which they received in 1948.  Regardless of the fact that prior returns filed incorrectly were not challenged, consistent practice does not entitle petitioners to this unauthorized method or bind the respondent in violation of the Code.  The income of prior years in the amount of $526.47 incorrectly reported in 1948 should be excluded from 1948, since taxes are computed on an annual basis.

In the event they are not permitted to use the method which they had been using for several years, petitioners, in the alternative, contend they are entitled to report the 1948 sales on the installment method under section 44.  Conceding that petitioners' sales qualify in all other respects, respondent determined that petitioners did not make the required timely election to report income on the installment basis.  Petitioners must make a timely election to qualify for the special installment benefits of section 44.  As no timely election was made, and as the petitioners have not shown that the value received for these sales was less than the face value, the sales were properly included in full in petitioners' income for 1948.  *Joe W. Scales*, 18 T. C. 1263; *W. T. Thrift, Sr.*, 15 T. C. 366.  In *Joe W. Scales*, supra, we said:

Judicial decisions have generally required taxpayers to make an affirmative election in a timely filed income tax return in order to elect to report a sale of property on the installment method under section 44 (b), I. R. C.  Once an election has been made to report a sale as a completed transaction, in a subsequent year the taxpayer could not recompute his tax liability by changing to the installment method.  *Pacific Nat'l. Co.* v. *Welch*, 304 U. S. 191.  Where a taxpayer fails to file timely tax returns, he cannot use the installment method. *Cedar Valley Distillery, Inc.*, 16 T. C. 870, 882; *Sarah Briarly*, 29 B. T. A. 256, 258–259.

In *W. T. Thrift, Sr.*, supra, the Court said:

Although we cannot account for the petitioners' failure to disclose the sale of the remaining 21 lots on their 1946 returns, we do not accept the suggestion that this omission is evidence of an election to report the gain from all 24 lots on the installment basis, for a disclosure of all relevant information concerning the sale of the other 21 lots would have been necessary to show such an election. * * *

* * * The opinion of this Court in *Sarah Briarly*, 29 B. T. A. 256, is expressive of the established rule, wherein it states that when benefits are sought by taxpayers, meticulous compliance with all the named conditions of the statute is required, and that in the case of section 44, timely and affirmative action is

required on the part of those seeking the advantages of reporting upon the installment basis. We feel that it is now too late for the petitioners to claim the benefits of section 44. * * *

We conclude that petitioners have not elected to use the installment method of reporting capital gain and are not now entitled to use that method for determining their income tax. The capital gains realized from the 1948 sales are, therefore, taxable in' that year as the Commissioner has determined.

*Decision will be entered under Rule 50.*