Susie K. ACKERMAN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 7168.

United States Court of Appeals Tenth Circuit.

June 12, 1963.

Robert A. Gish, Basin, Wyo. (Zaring & Gish, Basin, Wyo., were with him on the brief), for appellant.

C. Guy Tadlock, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Robert N. Chaffin, U. S. Atty., Lee A. Jackson, Meyer Rothwacks and Robert A. Bernstein were on the brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

This is a suit to recover income taxes and interest allegedly illegally assessed and collected. The trial court, upon con-sideration of facts not in dispute, denied relief.

Late in December, 1958, taxpayer sold real estate at an agreed price of $13,000 payable in installments, without interest, according to the terms of a note secured by mortgage for the entire selling price. The first payment was due January 2, 1959, with succeeding annual payments to become due until the full price was paid. Taxpayer realized a long term capital gain upon the sale in the amount of $9,612.50. She did not report the fact of the sale upon her 1958 return but in 1959 her return showed the install-ment payment made in 1959 as long term capital gain income taxable in 1959. The Commissioner of Internal Revenue determined that taxpayer's reporting procedure had resulted in an overstate-ment of income for 1959, that the gain was taxable in its entirety in 1958, and assessed an adjusted deficiency which is the basis for the claim for refund in the case. The question upon appeal is thus whether, under applicable statu-tory requirements and valid treasury regulations, the sale of real estate must be reported in the year of sale, although no payment is received in that year, in order to allow the taxpayer to report upon an installment basis.

Section 453 of the Internal Revenue Code of 1954, 26 U.S.C.A. 453, permits the income from the casual sale of real property to be returned on an installment basis "[u]nder regulations prescribed by the Secretary or his delegate." The per-tinent treasury regulation provides:

"A taxpayer who sells or other-wise disposes of real property * * and who elects to report the income therefrom on the installment method *must set forth in his income tax re-turn (or in a statement attached thereto) for the year of the sale* or other disposition, the computation of the gross profit on the sale or other disposition, under the install-ment method. In any taxable year in which the taxpayer receives pay-ments attributable to such sale or other disposition, he must *also* show

in his income tax return the computation of the amount of income which is being reported in that year on such sale or other disposition." (Emphasis added.) Treasury Regulations Section 1.453–8(b) (1).

Taxpayer, by deleting the descriptive language qualifying the term "gross profit", asserts that "gross profit * * under the installment method" must mean actual income in installments received during the year. However, this is an admitted corruption of the regulatory language and creates an immediate conflict with the concept of gross profit as a single figure and as defined as constituting "the selling price less the adjusted basis." Sec. 1.453–1(b). The effect of eventualities of payment or nonpayment may require future adjustment but do not change the basic concept.

Although we have been cited no cases construing and applying this regulation, the reasons for its promulgation are apparent. Prior to the effective date of December 17, 1958, the courts ruled variously upon the question of whether or not a report of the sale in the year of the sale and an election for the installment payment were necessary. The Board of Tax Appeals ruled consistently that orderly administration of the benefits of the statute required the statement and election, but other courts were reluctant to impose such a condition when the Secretary, who was statutorily granted the power, had failed to issue an applicable regulation. See e. g. Briarly v. Commissioner, 29 B.T.A. 256; United States v. Eversman, 6 Cir., 133 F.2d 261; Hornberger v. Commissioner, 5 Cir., 289 F.2d 602. Thus the regulation when effective provided uniform treatment for taxpayers with regard to this requirement, and permitted orderly administrative disposition of income tax declared on an installment basis.

Installment basis reporting on casual sales of real property was made available to the taxpayer for the first time under the 1954 Code. It was enacted to offer relief from the necessity of paying income tax on the profit from a sale where the entire proceeds of the sale are not realized and thus secured a privilege beyond the general rule as to the year for reporting income. Broad rule-making power was granted the Secretary or his delegate, and the taxpayer seeking the benefits of the statute must bring himself within its conditions, Cappel House Furnishing Co. v. United States, 6 Cir., 244 F.2d 525.

 The regulation is reasonable, clear in its terms, within the power of the Commissioner to promulgate, and consistent with the statute. Under such tests, it must be held valid, Commissioner v. South Texas Lumber Co., 333 U.S. 496, 68 S.Ct. 695, 92 L.Ed. 831, and the trial court correctly held that taxpayer's failure to report the sale in 1958, although no payment was received in such year, disqualifies her from subsequently electing to report on an installment basis.

The judgment is affirmed.