*Decisions will be entered under Rule 50.*

NATHAN C. SPIVEY AND ELIZABETH P. SPIVEY, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 91114. Filed September 30, 1963.

*H. Brice Graves*, for the petitioners.
*Douglas O. Tice, Jr.*, for the respondent.

FISHER, *Judge:* This proceeding involves a deficiency in petitioners' 1957 income tax of $15,389.51.

The only question in issue is whether petitioners are taxable on the full amount of their gain on the sale of their farmland and residence in 1957, the year of the sale, or whether they are entitled to report their gain in part on the installment basis.

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

The petitioners are husband and wife and are residents of Eliza-

beth City, N.C. They filed their Federal income tax return for 1957 with the district director of internal revenue at Greensboro, N.C.

On September 18, 1957, the petitioners entered into a contract of sale on their farm and the residence thereon in which they were then living to Sterling and Ashton Colson, two brothers, and their wives, for $100,000. Under the terms of the sale agreement the purchasers paid the petitioners $10,000 in 1957, $500 at the time of the sale, and $9,500 on December 30, 1957, and gave their promissory notes, secured by a deed of trust on the entire property, for the balance of the purchase price, payable at the rate of $6,862.50 per annum, including interest.

In their negotiations for the sale of the property the parties agreed that $12,500 of the total purchase price would be in payment for the residence and the balance for the land and other improvements. They further agreed that the payments were to be first applied to the sale price of the residence. The conveyance was made by a single deed which did not recite the consideration paid for the property, either residence or land.

On August 1, 1958, the petitioners purchased another residential property located in Elizabeth City, N.C., at a cost, including renovations, in excess of $12,500 which they have since occupied as a residence.

In filing their income tax return for 1957, petitioners sought the assistance of the Internal Revenue Service at Elizabeth City, particularly with regard to reporting their gain on the sale of the farm property, and were advised by an employee to consult an accountant. The employee recommended a local public accountant who had had considerable experience in preparing income tax returns. Petitioners called on the accountant and represented to him that they had sold their farm and residence for $100,000 with the agreement that the first $12,500 paid on the purchase price would be the consideration for the residence. The petitioners further stated that they were purchasing another residential property for use as a home within the year at a cost of not less than $10,000. On these representations the accountant prepared petitioners' 1957 Federal income tax return in which no income on the sale of the property was reported. The accountant advised petitioners that the amount received in 1957 was nontaxable under the provisions of section 1034, Code of 1954.

In their 1958 return, which was also prepared by the same accountant, petitioners reported a portion of the payment received in that year as an installment payment on the sale of the land.

Respondent has determined that petitioners realized a long-term capital gain of $82,724.30 on the sale of the property and that since they did not elect to report the transaction on the installment basis in their 1957 return, one-half of that amount, $41,362.15, is includable in income for that year. The notice of deficiency showed the elim-

ination in 1958 of the installment income reported by petitioners in that year.

### OPINION

The respondent's position is that the petitioners' sale of the farm land and buildings, including the residence, was a single transaction and that by their failure to report the sale on the installment basis in 1957 the petitioners forfeited their right of election to report any of the gain on the installment basis. In support of his determination, respondent relies on such cases as *Sarah Briarly*, 29 B.T.A. 256 (1933); *W. T. Thrift, Sr.*, 15 T.C. 366 (1950); *Cedar Valley Distillery, Inc.*, 16 T.C. 870 (1951); *John W. Commons*, 20 T.C. 900 (1953); and *W. A. Ireland*, 32 T.C. 994 (1959).

We do not agree that the cases so relied upon by respondent are controlling in the light of the facts of the instant case. It is our view that the basic problem presented to us is disposed of by two of our recent cases, both reviewed by the Court.

In *John F. Bayley*, 35 T.C. 288 (1960), the taxpayers, as here, failed to report as income the gain on the sale of their residence because of the belief that it need not be recognized under section 1034 of the 1954 Code. We said, after concluding that this was erroneous (p. 298):

Subsequently, respondent determined that such gain was recognizable, and he included the full taxable portion thereof in income. Thereafter petitioners filed an amended petition herein, in which they requested that they be allowed to compute the gain on the installment method, if the issue of nonrecognition should be decided adversely to them.

It is our opinion that, in the circumstances here present, petitioners did make a timely election to use the installment method. An election normally implies a choice between two or more alternatives. * * * [T]he first time when petitioners were faced with the necessity of making such an election or choice was when the respondent determined that the gain was includible in income. They then did elect in their amended petition to have the gain computed under the installment method, * * *. [I]t is our opinion that such election was timely.

Here, respondent has not determined that the sale of the residence was recognizable. And, while it is true that only a portion of the sale consisted of the residence to which petitioners regard section 1034 as applicable, respondent's regulations require that the sales price of any property used only in part as a residence must be allocated for purposes of section 1034. Sec. 1.1034–1(c)(3)(ii), Income Tax Regs. The record amply supports the necessity of allocating at least $10,000 to the residence, all of which by agreement of the parties was attributable to the only cash payment received in the year of sale. We think petitioners have consequently carried the burden of showing that no recognizable payment was received on the installment sale in 1957. This being so, no payment on the recognizable

portion of the sale was received in the first year even though payments due subsequently would have to be reported.

In this respect, the case is similar to *Jack Farber*, 36 T.C. 1142 (1961), affd. (without considering the issue raised in the instant case) 312 F. 2d 729 (C.A. 2, 1963), certiorari denied 374 U.S. 828 (1963). In that case, we said, in part (p. 1152) :

> It is true that the petitioner did not in his return [for the year of sale] specifically evidence such an election—indeed no mention was made in such return of the transaction. However, in that year the petitioner received no money or property other than the promissory note. It is to be observed that section 44 of the Code [of 1939] does not specifically require that a taxpayer make an election in his return for the year of sale in order to have the benefit of the installment basis. * * * Furthermore, in the regulations promulgated pursuant to the specific authorization of the statute, there is no requirement that an election be made in the return for the year in which the sale occurs; they contain no provision as to the time or manner of making an election.

At this point in the Opinion, there is a footnote pointing out that "It was not until the promulgation of section 1.453–8(b)(1) of the Income Tax Regulations under the Internal Revenue Code of 1954 [applicable only to 1958 and subsequent years] that the regulations required a taxpayer * * * to set forth in his return for the year of sale * * * a computation of the gross profit." Cf. *Ackerman* v. *United States*, 318 F. 2d 402 (C.A. 10, 1963).

It is clear, under the provisions of section 453 (b) (2) of the 1954 Code that installment sale treatment could be elected even though no payment was received in the first year.

We think it clear, also, that upon the facts before us, the sale of petitioners' residence was nonrecognizable under section 1034 (*John F. Bayley, supra*) and that since petitioners received no additional payment in 1957, they received no recognizable amount in that year. The election would consequently be timely if made in the first year in which a recognizable payment on the note was received, which was in 1958. *Jack Farber, supra.*

In view of our conclusions reached above, it is unnecessary to consider the problem of "honest error." See *Hornberger* v. *Commissioner*, 289 F. 2d 602 (C.A. 5, 1961), reversing a Memorandum Opinion of this Court.

It should be noted that the right of petitioners to report the payments received in 1958, and subsequent years, on the installment basis, is only indirectly involved in this proceeding. The year 1957 is the only year before us. The notice of deficiency shows a refund to petitioners for 1958, resulting from respondent's exclusion from income of the installment payment reported in that year. The only question presented on the pleadings here is whether respondent erred in treating the sale of the entire property as a cash sale in 1957.

In view of the foregoing discussion, we find that the respondent was in error in treating the full amount of the petitioners' gain on the sale in question as a long-term capital gain realized in 1957.

Reviewed by the Court.

*Decision will be entered under Rule 50.*