PETER MAMULA AND DOROTHY R. MAMULA, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1441–62. Filed January 27, 1964.

*Carl A. Stutsman, Jr.*, for the petitioners.
*Lawrence Kartiganer*, for the respondent.

OPINION

RAUM, *Judge:* Petitioners, relying upon their accountant's advice, reported the sales in issue on the deferred-payment method, a method which permits the tax-free recovery of basis prior to reporting taxable gain. This was not a choice blindly made. The accountant outlined the three possible methods of reporting the sales, and petitioner consciously accepted the alternative selected by the accountant. The deliberate attempt to use that method was in fact an election not to employ the installment method, even though, as a matter of hindsight, the deferred-payment method turned out to have been incorrectly chosen. It is not now open to petitioners to insist upon a recomputation of their liability upon the installment sales basis, as opposed to having their realized gains taxed in the year of realization.

Section 453, I.R.C. 1954, provides in part as follows:

SEC. 453. INSTALLMENT METHOD.

(a) DEALERS IN PERSONAL PROPERTY.—Under regulations prescribed by the Secretary or his delegate, a person who regularly sells or otherwise disposes of personal property on the installment plan may return as income therefrom in

any taxable year that proportion of the installment payments actually received in that year which the gross profit, realized or to be realized when payment is completed, bears to the total contract price.

    (b) SALES OF REALTY AND CASUAL SALES OF PERSONALTY.—

        (1) GENERAL RULE.—Income from—

           (A) a sale or other disposition of real property, or

           (B) a casual sale or other casual disposition of personal property (other than property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year) for a price exceeding $1,000,

may (*under regulations prescribed by the Secretary or his delegate*) be returned on the basis and in the manner prescribed in subsection (a). [Italics supplied.]

Section 1.453–8(b) of the Income Tax Regulations, promulgated September 17, 1958, in accordance with the foregoing statute, provides in part as follows:

    (b) *Sales of real property and casual sales of personal property.* (1) A taxpayer who sells or otherwise disposes of real property, or who makes a casual sale or other casual disposition of personal property, *and who elects to report the income therefrom on the installment method* must set forth in his income tax return (or in a statement attached thereto) for the year of the sale or other disposition the computation of the gross profit on the sale or other disposition under the installment method. In any taxable year in which the taxpayer receives payments attributable to such sale or other disposition, he must also show in his income tax return the computation of the amount of income which is being reported in that year on such sale or other disposition. [Italics supplied.]

    (2) The information required by subparagraph (1) of this paragraph must be submitted for each separate sale or other disposition but, in the case of multiple sales or other dispositions, separate computations may be shown in a single statement.

These regulations have been explicitly held valid. *Ackerman* v. *United States*, 318 F. 2d 402 (C.A. 10).

Petitioners have not complied with the regulations. Apart from their attempting to elect a method of reporting that was inconsistent with the installment sales method, they did not set forth in their return, as they would have been required to do by the regulations, "the computation of the amount of income which is being reported [on the installment sales basis] in that year on such sale * * *."

Petitioners have attempted to report on the deferred-payment method and have thus made an election not to use the installment sales method which is inconsistent therewith; they may not now have the benefit of the latter method. Cf. *Pacific National Co.* v. *Welch*, 304 U.S. 191; *Jacobs* v. *Commissioner*, 224 F. 2d 412 (C.A. 9); *Albert Vischia*, 26 T.C. 1026; *W. A. Ireland*, 32 T.C. 994; *John W. Commons*, 20 T.C. 900.

Apart from the fact that the present case is governed by the new regulations adopted in 1958 (cf. *Nathan Spivey*, 40 T.C. 1051, 1054),

cases such as *Hornberger* v. *Commissioner*, 289 F. 2d 602 (C.A. 5), relied upon by petitioners, are distinguishable for reasons explicitly set forth in the *Hornberger* opinion as follows (p. 604) :

We are not dealing with a case where a taxpayer has made an election by reporting the sale on a deferred payment basis and subsequently seeks to change his position, as was the situation in Pacific National Company v. Welch, 304 U.S. 191, 58 S. Ct. 857, 82 L. Ed. 1282, and in Jacobs v. Commissioner, 9 Cir., 224 F. 2d 412, * * *.

Petitioners have attempted to distinguish the cases cited above in *Hornberger* on the ground that they did not choose a method *available* to them, i.e., the deferred-payment method. But the point is that they did choose that method, which was at least arguably open to them. The reason that it turned out not to be available is that the notes which they received are now agreed to have an ascertainable fair market value substantially equal to their face amounts. But at the time the returns were prepared the accountant apparently thought that the facts could be interpreted otherwise, and upon his view of the facts the deferred-payment method was an available alternative.[1] That a different view of arguable facts is now accepted cannot, as a matter of hindsight, destroy the binding effect of an election not to adopt the installment method, particularly where all the facts were known at that time.

Other cases relied upon by petitioners were concerned with tax years prior to the 1958 regulations before us, and, in general, did not involve the making of an election to report the gain on sale under a method inconsistent with the installment sales method. *John F. Bayley*, 35 T.C. 288; *Jack Farber*, 36 T.C. 1142, affirmed 312 F. 2d 729 (C.A. 2) ; *United States* v. *Eversman*, 133 F. 2d 261 (C.A. 6) ; *Scales* v. *Commissioner*, 211 F. 2d 133 (C.A. 6),[2] reversing 18 T.C. 1263. *Baca* v. *Commissioner*, 326 F. 2d 189 (C.A. 5), reversing 38 T.C. 609, is similarly distinguishable.

We hold that the Commissioner's adjustment in respect of this issue must be approved.

*Decision will be entered under Rule 50.*

---

[1] He testified :

I explained the different methods of reporting this particular transaction, and having such a little down payment, and because of the taxpayer's shaky credit standing I suggested that he could take the deferred payment plan.

[In mentioning the "taxpayer's" shaky credit standing he was obviously referring to the shaky credit standing of the makers of the notes. And, if such could be established, then the deferred payment method might well have been open to petitioners.]

[2] In *Jacobs* v. *Commissioner*, 224 F. 2d 412 (C.A. 9), the Court of Appeals stated (p. 414) : "If the case of *Scales* v. *Commissioner*, 6 Cir., 211 F. 2d 133, * * * is not distinguishable, we are not in agreement."