CORNELIUS WIERSCHEM, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 11197–81.     Filed May 7, 1984.

*John J. Vassen* and *Patrick B. Mathis,* for the petitioners.
*Michael W. Bitner,* for the respondent.

WILBUR, *Judge*: Respondent determined deficiencies in petitioner's Federal income taxes for the taxable years 1976 and 1977 in the amounts of $12,442 and $429, respectively. After concessions, the sole issue presented for our decision is whether petitioner is entitled to elect to report the sale of realty in 1976 under the installment method pursuant to section 453 of the Internal Revenue Code of 1954,[1] subsequent to the filing of petitioner's original 1976 income tax return in which petitioner reported the gain from the sale in full.

---

FINDINGS OF FACT

Some of the facts have been stipulated by the parties and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by reference.

Petitioner Cornelius Wierschem is an individual who resided in Waterloo, Ill., at the time he filed his petition in this case. He filed Federal income tax returns for taxable years 1976 and 1977 with the Internal Revenue Service Center in Kansas City, Mo.

From 1963 through 1968, petitioner acquired a one-half undivided interest in three tracts of farmland located in Monroe County, Ill., as follows:

|  | Acreage | Date acquired |
|---|---|---|
| Tract I | 254.17 | 2/23/63 |
| Tract II | 240.33 | 1/31/64 |
| Tract III | 130.54 | 3/ 6/68 |

The remaining one-half undivided interest in each of the three tracts was held by petitioner's brother, Herbert Wierschem (hereinafter Herbert), who is not a party to this action.

On May 7, 1975, petitioner and Herbert entered into a sales contract with Forrest E. Hawkins and Adele Mary Hawkins whereby petitioner and Herbert agreed to convey portions of tracts I, II, and III to Mr. and Mrs. Hawkins. Pursuant to the terms of the sales contract, on May 4, 1976, petitioner and Herbert conveyed by "warranty deed" their interest in 64.60 acres of tract II and 57.40 acres of tract III to Mr. and Mrs. Hawkins for a cash purchase price of $180,000. Petitioner received one-half of this amount, or $90,000. Petitioner and Herbert retained their interest in the remaining acreage of tracts II and III.

Pursuant to the terms of the same May 7, 1975, sales contract, on May 4, 1976, petitioner and Herbert also conveyed by "contract for deed" their interest in 246.48 acres of tract I to Mr. and Mrs. Hawkins for $204,000. The terms of this contract provided for $10,000 to be paid at the time of sale, with $7,000 to be paid upon the principal each succeeding year, and 6-percent interest to be paid semiannually upon the outstanding balance until the contract price was paid in full. Petitioner received one-half of the downpayment, one-half of

each yearly principal payment as paid, and one-half of each semiannual interest payment. Petitioner and Herbert retained their interest in the remaining acreage of tract I.

Petitioner realized a profit on each of the May 4, 1976, conveyances. Prior to the May 4, 1976, sale, petitioner had never sold any real property.

Petitioner read the May 7, 1975, sales contract prior to signing, and realized that by its terms, he was selling his interest in three parcels of real estate. Furthermore, petitioner realized that the conveyance of his interest in the three parcels of real estate on May 4, 1976, was by means of two separate instruments of conveyance (i.e., petitioner's interest in tract I was conveyed by a contract for deed and his interest in tracts II and III was conveyed by a warranty deed). Petitioner did not realize, however, that for purposes of section 453, these conveyances would be viewed as two separate sales.[2] Indeed, at the time of the sale, petitioner was not even aware of the installment method of reporting provided by section 453.

Petitioner secured the services of a certified public accountant to prepare his 1976 income tax return. He supplied his accountant with a written summary of the May 4, 1976, transaction, but failed to give him a copy of the sales contract. The written summary indicated a single gross selling price for the portions of tracts I, II, and III that were sold.

Petitioner's accountant concluded from the incomplete information supplied to him that there was only one sale for purposes of section 453. Based on this conclusion, the accountant further determined that the installment method of reporting was not available to the petitioner since petitioner had received 30 percent or more of the selling price in the year of sale.[3] Petitioner consequently reported the full amount of the gain from the sale of his interest in tracts I, II, and III in

---

[2]Both petitioner and respondent have assumed that the transfer of petitioner's interest in tracts I, II, and III constitutes two separate sales. Although the parties have not stated the basis for this assumption, presumably the parties are relying on such cases as *Pritchett v. Commissioner*, 63 T.C. 149 (1974), which hold that the sale of two parcels of real estate by separate instruments to the same purchaser on the same day is generally considered as two separate sales of real property for purposes of sec. 453. See also *Collins v. Commissioner*, 48 T.C. 45 (1967).

[3]Sec. 453(b)(2) provides that the installment method of reporting may only be used if in the taxable year of sale, either (1) no payments are received, or (2) the payments (exclusive of evidences of indebtedness of the purchaser) do not exceed 30 percent of the selling price.

his 1976 return as prepared by his accountant.[4] Petitioner did not elect to use the installment method of reporting although the contract sale of his interest in tract I otherwise would have met the requirements of section 453. Petitioner would have elected the installment method of reporting if he had been aware of the availability of the election.

During the summer of 1979, Herbert Wierschem's 1976 return was audited. The Internal Revenue agent conducting this audit suggested to Herbert's accountant, Gary Thomas, that Mr. Thomas contact petitioner in order to obtain agreement between petitioner and his brother, Herbert, regarding proposed adjustments related to the sale of these portions of tracts I, II, and III which were reflected on both petitioner's and Herbert's 1976 returns. Shortly thereafter, Mr. Thomas contacted petitioner and petitioner learned for the first time that the sale of his interest in tract I could have been reported on the installment sale method.

In December 1979, Mr. Thomas sent a letter to the examining revenue agent arguing that petitioner should be allowed to retroactively elect the installment method of reporting gain on the sale by petitioner of his interest in tract I. By letter dated April 18, 1980, Mr. Thomas also filed a protest regarding proposed tax adjustments for taxable years 1976 and 1977 on behalf of petitioner, in which he again argued that petitioner should be allowed to retroactively elect the installment method.

On April 14, 1982, petitioner filed an amended return (Form 1040X) for taxable year 1978. In that return, petitioner reported the receipt of payments in the year 1978 from the sale of his interest in tract I, pursuant to the installment method of reporting income consistent with a position as though a timely election to report the sale under the installment sale provisions of section 453 had been made.

---

[4]In the notice of deficiency, respondent determined that petitioner had incorrectly reported on his 1976 return the—(1) basis, (2) acquisition dates (not affecting long-term capital gain), (3) total acreage, and (4) purchase price, of those portions of petitioner's interest in tracts I, II, and III which were sold. Petitioner concedes the correctness of respondent's determinations in the notice of deficiency with respect to each of these issues.

OPINION

Petitioner sold three tracts of farmland on May 4, 1976, in two separate sales and reported the gain realized from these sales in full on his income tax return for 1976. Although one of the sales qualified for installment sale treatment under section 453, petitioner reported the gain realized from both sales as completed transactions. The sole issue presented for our decision is whether petitioner may now elect the installment method after having reported the gain in full on his original return.

Section 453(b) provides, in pertinent part, that income from a sale or other disposition of real property may, under regulations prescribed by the Secretary, be reported on the installment basis as provided in section 453(a). Section 1.453–8(b), Income Tax Regs., promulgated pursuant to the foregoing statute and effective for taxable years ending after December 17, 1958,[5] provides in part as follows:[6]

(b) *Sales of real property and casual sales of personal property.* (1) A taxpayer who sells or otherwise disposes of real property, or who makes a casual sale or other casual disposition of personal property, *and who elects to report the income therefrom on the installment method* must set forth in his income tax return (or in a statement attached thereto) for the year of the sale or other disposition the computation of the gross profit on the sale or other disposition under the installment method. In any taxable year in which the taxpayer receives payments attributable to such sale or other disposition, he must also show in his income tax return the computation of the amount of income which is being reported in that year on such sale or other disposition. [Emphasis added.]

Neither section 453 nor the above cited regulation specifically requires a taxpayer to make an election of the installment method in his original timely filed return. The issue as to when a valid election may be made has been the subject of considerable litigation, and has involved both section 453, and its predecessors, section 44 of the Revenue Act of 1928, and section 44 of the Internal Revenue Code of 1939. The seminal case in this area is *Pacific National Co. v. Welch*, 304 U.S. 191 (1938). In that case, the Supreme Court laid down the general

---

[5] Sec. 1.453–10(b), Income Tax Regs.

[6] This regulation has been held to be a reasonable implementation of sec. 453 (b) and valid. *Ackerman v. United States*, 318 F.2d 402 (10th Cir. 1963).

rule that where a taxpayer elects in his return for the year of sale a valid method of reporting income from a sale of realty other than the installment method, he is bound by that election and may not file an amended return to elect the installment method. The Court stated the policy underlying its decision as follows:

Change from one method to the other, as petitioner seeks, would require recomputation and readjustment of tax liability for subsequent years and impose burdensome uncertainties upon the administration of the revenue laws. It would operate to enlarge the statutory period for filing returns * * *. There is nothing to suggest that Congress intended to permit a taxpayer, after expiration of the time within which return is to be made, to have his tax liability computed and settled according to the other method. By reporting income from the sales in question according to the deferred payment method, petitioner made an election that is binding upon it and the commissioner. [304 U.S. at 194.]

See also *United States v. Kaplan*, 304 U.S. 195 (1938); *Jacobs v. Commissioner*, 224 F.2d 412, 414 (9th Cir. 1955); *Marks v. United States*, 98 F.2d 564, 567 (2d Cir. 1938); *Pollack v. Commissioner*, 47 T.C. 92, 111-113 (1966), affd. on other grounds 392 F.2d 409 (5th Cir. 1968); *Vischia v. Commissioner*, 26 T.C. 1027, 1029 (1956).

Although the "binding election" rule as set forth by the Supreme Court in *Pacific National Co.* has been recognized consistently as controlling the general issue before us, a body of case law has arisen in which the courts have distinguished and refined the "binding election" rule. These cases have allowed a taxpayer to elect the installment method subsequent to filing his tax return for the year of sale when the taxpayer's original choice of reporting income from the sale is an impermissible method. In *Reaver v. Commissioner*, 42 T.C. 72 (1964), for example, the taxpayers, husband and wife, erroneously reported income received from an installment sale as ordinary business receipts. This Court found that by reporting the sales proceeds as ordinary business income, the taxpayers had made no election to report the sale other than on the installment method so as to prevent them from electing the installment method on an amended return. The Court stated:

*Petitioners have never adopted any position inconsistent with that reflected in the amended return; they have never represented that they were using any other method to account for their gain on the sale; the entire receipts were*

included in income; all the information required by the regulations was supplied in the amended return; and respondent at no time could have been misled to his disadvantage. [42 T.C. at 82. Emphasis added.]

To the same effect, see *Mamula v. Commissioner*, 346 F.2d 1016 (9th Cir. 1965), revg. 41 T.C. 572 (1964) (sale of realty improperly reported on the deferred payment method); *Scales v. Commissioner*, 211 F.2d 133 (6th Cir. 1954), revg. 18 T.C. 1263 (1952) (sale of farm and dairy herd erroneously reported as rental income); *Spivey v. Commissioner*, 40 T.C. 1051 (1963), (sale of residence by taxpayer improperly reported as nontaxable transaction); *Glidden Co. v. United States*, 241 F. Supp. 195 (N.D. Ohio 1964) (sale of assets erroneously treated as a lease and income reported as rental income).

By reporting the sale of tract I as a closed transaction on his income tax return for the year of sale, petitioner would appear to have elected a valid method of reporting income from the sale other than the installment method and, therefore, would appear to fall squarely within the "binding election" of *Pacific National Co.* and its progeny. Petitioner seeks to escape the application of the "binding election" rule, however, by arguing that he never made an "election." Petitioner argues that the term "election" implies a conscious choice among alternatives. Since petitioner, together with his accountant, perceived the May 4, 1976, transaction as constituting one sale for purposes of section 453, petitioner thought no part of the transaction qualified for installment reporting. Petitioner concludes that he made no "election" on his 1976 return since he was laboring under a mistaken belief of the relevant facts with no knowledge of the alternative approaches available to him.

Although, on occasion, some courts have discussed the "binding election" rule in terms of a "conscious election" by way of dicta (see e.g., *Reaver v. Commissioner, supra* at 81), no court has ever suggested that an election is not binding because petitioner may not have adequately explored alternatives open to him under the law. If petitioner's argument is taken to its logical conclusion, any taxpayer who reported a sale as a closed transaction at the time of filing his return because he was not aware of the installment reporting method, would be permitted to retroactively elect installment reporting. Such a result clearly undermines the policy of orderly administration of the revenue laws as expressed by the

Supreme Court in *Pacific National*. Indeed, in *Pacific National*, as in this case, the taxpayer reported the sale as a closed transaction and subsequently desired to elect installment sale treatment.[7] Yet in *Pacific National*, the Supreme Court stated:

Conceding that its return might have been made in accordance with either method, petitioner says that, being ignorant of both, it treated the sales as if made for cash at figures mentioned in the contracts. * * * [304 U.S. at 193.]

As noted, the Supreme Court nevertheless held that the taxpayer having elected a valid method of reporting gain on the sale other than the installment method, could not file an amended return electing the installment method. Petitioner is squarely within the purview of the holding of the Supreme Court in *Pacific National*.

Petitioner alternatively argues that even if he made an election on his 1976 return inconsistent with the installment method of reporting, that election is not binding because it is based on a mistake of fact. Respondent contends, however, that there is no mistake-of-fact exception to the "binding election" rule of *Pacific National*.

Unlike the cases before us, the cases carving out an exception to the clear language of *Pacific National* involve facts not giving rise to a choice between reporting a sale of property on the installment method or as a closed transaction. In those cases, the proceeds were reported as rent (*Scales v. Commissioner, supra*); as nontaxable (*Spivey v. Commissioner, supra*); as rent (*Glidden Co. v. United State, supra*); reported improperly on a deferred basis (*Mamula v. Commissioner, supra*); as ordinary business receipts (*Reaver v. Commissioner, supra*); or mischaracterized in some fundamental way that obviated the question of how gain on the sale of property should be reported. And unlike the present case, petitioners in those cases "never adopted any position inconsistent with that reflected in the amended returns; they * * * never represented that they were using any other method to account for their gain on the sale." *Reaver v. Commissioner*, 42 T.C. at 82. Petitioner here did report the gain on the sale, he reported it using a method inconsistent with that on the amended return,

---

[7]There is some suggestion in the opinion that an adjustment in the fair market value of the deferred payment obligation should have been made, but the sale in *Pacific National* was nevertheless reported as a closed transaction.

and he represented he was using a method other than the installment method of reporting the gain.

Petitioner sold real estate and reported the income under a perfectly appropriate method. He read the sales contract and realized he was selling his interest in three parcels of real estate pursuant to two separate instruments of conveyance. He now contends he did not sufficiently explore the options open to him, and desires to now make a belated election retroactively undoing what he earlier did. This is simply not permissible in view of the plain language of the Supreme Court in *Pacific National*.[8] In view of the foregoing, we hold that petitioner is not entitled to report gain from the sale in question under the installment method of reporting. Having reported the gain realized from the sale in full on his 1976 income tax return, petitioner may not now elect the installment method.

*Decision will be entered for the respondent.*

---

[8]We note that there is nothing in the record before us to suggest that the method petitioner adopted does not clearly reflect income, and petitioner does not suggest otherwise.