T.C. Memo. 2005-210


UNITED STATES TAX COURT


FPL GROUP, INC. AND SUBSIDIARIES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5271-96.                    Filed September 8, 2005.


<u>Robert T. Carney</u>, for petitioner.

<u>Lawrence C. Letkewicz</u>, for respondent.


MEMORANDUM OPINION

RUWE, <u>Judge</u>:  This matter is before the Court on
petitioner's motion for partial summary judgment filed pursuant

to Rule 121.[1]  Petitioner seeks a determination that its method

of accounting, for purposes of determining repair versus capital

expenses for the taxable years 1988 to 1992, is what petitioner

characterizes as "the method required by Section 1.162-4 of the

Regulations".  In its first amended petition, petitioner claimed

that under this "method of accounting" it is entitled to

additional deductions for repair expenses in the following

amounts:

| Year | Amount |
|-------|-------------|
| 1988 | $35,324,412 |
| 1989 | 52,115,791 |
| 1990 | 54,746,820 |
| 1990 | 56,823,897 |
| 1992 | 11,914,614 |
| Total | 210,925,534 |

The amounts in issue are expenditures made by petitioner's wholly

owned subsidiary, Florida Power & Light Co. (Florida Power), an

electric utility.  Petitioner filed consolidated returns with

Florida Power during the years in issue.  As a utility, Florida

Power was subject to the regulatory rules of the Federal Energy

Regulatory Commission (FERC) and the Florida Public Service

Commission (FPSC).

---

[1] Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code.

We previously granted respondent's motion for partial summary judgment, holding that petitioner's method of accounting for tax purposes during the years in issue was the same method that it used for FERC/FPSC regulatory and financial accounting purposes. Petitioner had taken the position that it had always been on "the method required by Section 1.162-4 of the Regulations" for tax purposes. See FPL Group, Inc. & Subs. v. Commissioner, 115 T.C. 554 (2000). We incorporate FPL Group, Inc. & Subs. in this opinion.

Petitioner's present motion for partial summary judgment is a sequel to our prior ruling. Having lost its argument that it was always on the "method of accounting" required by section 1.162-4, Income Tax Regs., rather than the method of accounting prescribed by the FERC/FPSC, petitioner now argues that, if its method of accounting for distinguishing between capital and repair expenses was the FERC/FPSC accounting method, then respondent changed petitioner's method to the "method of accounting" required by section 1.162-4, Income Tax Regs. Petitioner bases this argument on the fact that, during the examination for the years in issue, respondent examined items that petitioner had expensed as repairs to determine whether these items met the requirements of section 1.162-4, Income Tax Regs. This examination resulted in an agreed adjustment wherein approximately $1.2 million that had been deducted as repair

expenses on petitioner's returns for the years in issue was required to be capitalized.  Petitioner also relies on the fact that, during the examination, it filed a claim for approximately $21 million in additional repair expenses for the year 1992 of which respondent's agents allowed approximately $10.9 million as additional repair expenses.

Respondent has never notified petitioner that he was changing petitioner's method of accounting, and respondent denies that any of the aforementioned actions taken during the examination had that effect.  Indeed, in petitioner's memorandum in opposition to respondent's previous motion for partial summary judgment, which we granted, petitioner stated:

> When seeking to capitalize repair expenses deducted by Petitioner, at no time did Respondent assert that he was changing Petitioner's method of accounting or that he had determined that Petitioner's method did not clearly reflect income as required under Section 446 of the Code in order to require such a change.  * * *

In its reply brief to respondent's previous motion, petitioner also stated:  "At no time did Respondent's agents propose a 'change in method of accounting' when proposing to disallow repair expense for tax purposes".

In its memorandum in opposition to respondent's previous motion for partial summary judgment, petitioner claimed that it was using the "method of accounting" required by section 1.162-4, Income Tax Regs., and that the amounts classified as repair expenses for FERC/FPSC regulatory and financial reporting

purposes and that were used in preparing its tax returns were just the starting point for determining the amounts of deductible repair expenses for tax purposes. Petitioner further claimed that respondent's agents were aware that this was petitioner's method of accounting. We disagreed, stating:

> Petitioner has not alleged, nor is there any indication, that respondent acquiesced in a method of accounting which would allow petitioner to "approximate" the amount of repair expenses and then file amended returns when, and if, it realized it might have deducted a larger amount. The fact that petitioner amended its 1992 tax return for additional expense claims does not change the fact that, in preparing its original tax return, petitioner consistently used the same characterizations that Florida Power used for regulatory and financial reporting purposes. Accordingly, we hold that the audit adjustments by respondent do not establish the method of accounting that petitioner is claiming. [FPL Group, Inc. & Subs. v. Commissioner, supra at 570.]

After FPL Group, Inc. & Subs. petitioner sent a letter to respondent making a "protective request" for a change of method of accounting for the 1988-96 taxable years. In a letter dated December 17, 2001, respondent denied this "protective request".

In petitioner's present motion for partial summary judgment, petitioner asserts that respondent changed its method of accounting to the "method required by Section 1.162-4 of the Regulations" during respondent's examination for the years in issue. Respondent denies that he changed petitioner's method of

accounting.  Alternatively, petitioner alleges that respondent abused his discretion in denying petitioner's protective request to change to that method of accounting.

We do not think that respondent's inquiry during the examination into whether petitioner may have misclassified some expenditures as either capital or repair expenses constituted a change of petitioner's method of accounting by respondent. Indeed, the relatively minor changes that the parties agreed to as a result of this examination lead to the conclusion that petitioner's method of following the FERC/FPSC regulatory accounting for determining repair expenses for tax purposes produced results that were in reasonable conformity with the legal standards set forth in section 1.162-4, Income Tax Regs. On its returns for the years in issue, petitioner characterized approximately $2.1 billion in expenditures related to Florida Power's electric plants as repair expenses for tax purposes. FPL Group, Inc. & Subs. v. Commissioner, supra at 558. Respondent's examination for the years in issue resulted in capitalizing approximately $1.2 million that had been previously deducted as repair expenses. Respondent's proposed adjustment, which petitioner agreed to, represents a change of approximately .0571 percent of the total repair expenses petitioner claimed on its returns using the FERC/FPSC method of accounting. Likewise, respondent's allowance of an additional $10.9 million of repair

expenses that petitioner claimed during the examination was approximately .519 percent of the total repair expenses that petitioner reported on its returns for the years in issue.[2]

We do not accept petitioner's argument that the adjustments that respondent made or allowed during the examination were tantamount to changing petitioner's method of accounting. The fact that an examination concludes with the adjustment of some items does not in itself constitute a change in the method of accounting. Indeed, when an examination results in relatively minor adjustments and the Commissioner does not explicitly reject the taxpayer's method, there would appear to be an acceptance of the taxpayer's method. As we stated in our prior Opinion, "the audit adjustments by respondent, do not change the fact that petitioner is retroactively attempting to recharacterize expenditures that it regularly and consistently capitalized for

---

[2] In our prior Opinion, we stated:

> In the instant case, respondent allowed petitioner certain additional repair expense deductions related to Florida Power. Respondent did not question petitioner's method of accounting or assert that any impermissible change was being made. Rather, respondent simply reviewed petitioner's claim and allowed an additional deduction based on the circumstances. Petitioner has not alleged any action on respondent's part which could be construed as approving the method of accounting petitioner is currently claiming for the expenditures in issue. * * * [FPL Group, Inc. & Subs. v. Commissioner, 115 T.C. 554, 573 (2000).]

regulatory, financial, and tax reporting purposes." FPL Group,
Inc. & Subs. v. Commissioner, 115 T.C. at 570.

It is undisputed that respondent's examination of the repair
versus capital expenses issue involved application of the
standards set forth in section 1.162-4, Income Tax Regs.  That
regulation sets forth the general legal standards for deducting
repair expenses.[3]  Petitioner characterizes this regulation as
the "method of accounting" that respondent used during the
examination.  Respondent disagrees with petitioner's argument
that section 1.162-4, Income Tax Regs., constitutes a "method of
accounting".

We do not accept petitioner's characterization of section
1.162-4, Income Tax Regs., as a "method of accounting"
distinguishable from petitioner's method of using the FERC/FPSC
regulatory standards.  Petitioner has stated that it used the

---

[3] Sec. 1.162-4, Income Tax Regs., provides:

§ 1.162-4. Repairs.--The cost of incidental
repairs which neither materially add to the value of
the property nor appreciably prolong its life, but keep
it in an ordinarily efficient operating condition, may
be deducted as an expense, provided the cost of
acquisition or production or the gain or loss basis of
the taxpayer's plant, equipment, or other property, as
the case may be, is not increased by the amount of such
expenditures.  Repairs in the nature of replacements,
to the extent that they arrest deterioration and
appreciably prolong the life of the property, shall
either be capitalized and depreciated in accordance
with section 167 or charged against the depreciation
reserve if such an account is kept.

FERC/FPSC method to prepare its returns because it believed that any expenditure that was classified as a repair under the FERC/FPSC method would meet the deductibility standards of section 1.162-4, Income Tax Regs. Petitioner filed its returns (and prepared its financial statements) using the FERC/FPSC regulatory accounting method rather than attempting to reexamine the facts and circumstances of each expenditure to determine whether each individual expenditure met the deductibility standards of section 1.162-4, Income Tax Regs. The results of respondent's examination indicate that petitioner's use of the FERC/FPSC method of accounting produced results that were generally consistent with the legal standards set forth in section 1.162-4, Income Tax Regs.

Petitioner cites cases holding that where the Commissioner has approved a taxpayer's method of accounting during prior examinations, the Commissioner may not change that taxpayer's method of accounting without determining that that method failed to properly reflect income. See Geometric Stamping Co. v. Commissioner, 26 T.C. 301 (1956); Klein Chocolate Co. v. Commissioner, 36 T.C. 142 (1961). Since we have found that respondent has never approved the "method of accounting" that petitioner seeks, those case have no application here. Likewise, Mamula v. Commissioner, 346 F.2d 1016 (9th Cir. 1965), revg. and remanding 41 T.C. 572 (1964), is inapplicable since it involved

an instance where the Commissioner changed the taxpayer's method of accounting.  As we have held, respondent made no change to petitioner's method.  However, we note that the court in Mamula stated:

> Once a taxpayer makes an election of one of two or more alternative methods of reporting income, he should not be permitted to convert, of his own volition, when it later becomes evident that he has not chosen the most advantageous method.  * * *  [Id. at 1018.]

Petitioner filed a protective request for a change of accounting method after our prior Opinion at FPL Group Inc. & Subs. v. Commissioner, 115 T.C. 554 (2000), in this case was filed.  Petitioner claims that the requested "method of accounting" is required by section 1.162-4, Income Tax Regs. Petitioner argues that respondent's refusal to approve the protective request was an abuse of discretion because respondent required petitioner to continue to use an improper method; i.e., the FERC/FPSC method.  Respondent denies that he ever determined that petitioner's use of the FERC/FPSC regulatory standards was improper and, as we have previously indicated, the actions during the examination do not establish that respondent made such a determination.  Petitioner seems to argue that we found in our prior Opinion that petitioner's use of the FERC/FPSC method of accounting was improper.  We disagree.  We described petitioner's regulatory and financial accounting method as follows:

> The FERC and FPSC rules provided a regulatory accounting system which afforded petitioner a

characterization method based on basic accounting principles that generally require the capitalization of expenditures for larger items of property having long-term lives and the expensing of relatively smaller expenditures for minor items needed for repairs.  * * * Petitioner's attempt to change retroactively from a consistent and logical method of capitalizing the expenditures in issue to expensing them involves the question of proper timing and thus is a material item. * * *  [FPL Group, Inc. & Subs. v. Commissioner, supra at 566.]

As we have previously stated, section 1.162-4, Income Tax Regs., sets forth legal standards for distinguishing between expenditures that must be capitalized and those that can be currently deducted.  The method by which a taxpayer attempts to comply with these legal standards for purposes of preparing its returns is what should be properly described as the taxpayer's method of accounting.  Petitioner used the FERC/FPSC regulatory method of accounting to prepare its returns in order to achieve the classification required by section 1.162-4, Income Tax Regs. Petitioner now wants to use a different method.  That different method would be to reexamine the facts underlying individual expenditures in an attempt to claim additional deductions for repairs.  It is this change that respondent declined to approve. We find no abuse of discretion in respondent's refusal.

Petitioner also argues that respondent abused his discretion in denying its protective request because there is "no valid basis" for requiring petitioner to use a method of accounting that is contrary to section 1.162-4, Income Tax Regs.  As

previously discussed, we do not think that the FERC/FPSC method is contrary to the regulation. Regardless of whether a taxpayer used a proper or improper method of accounting, a taxpayer must receive the Commissioner's approval before changing a method of accounting. Sec. 446(e); sec. 1.446-1(e)(2)(I), Income Tax Regs.[4] The Commissioner has wide discretion to decide whether to consent to a taxpayer request to change a method of accounting. Sunoco, Inc. & Subs. v. Commissioner, T.C. Memo. 2004-29. Here, petitioner sought a retroactive change to its method of accounting. The Commissioner generally will not grant retroactive changes to a taxpayer's method of accounting. See sec. 1.446-1(e)(3)(I), Income Tax Regs.; Rev. Rul. 90-38, 1990-1 C.B. 57; Rev. Proc. 97-27, sec. 2.04, 1997-1 C.B. 680, 682. As a result, we do not think respondent abused his discretion by denying petitioner's protective request for a change in method of accounting.

Finally, petitioner alleges that respondent has allowed unspecified competitors to claim additional repair expenses under section 1.162-4, Income Tax Regs., even though they also followed

---

[4] The reason for requiring the Commissioner's consent was stated in Lord v. United States, 296 F.2d 333, 335 (9th Cir. 1961), as follows: "If * * * [taxpayers] were allowed to report income in one manner and then freely change to some other manner, the resulting confusion would be exactly that which was to be alleviated by requiring permission to change accounting methods." See also FPL Group, Inc. & Subs. v. Commissioner, 115 T.C. at 573-575.

regulatory rules and guidelines to determine the amounts of repair expenses deducted on tax returns.  Relying on IBM v. United States, 170 Ct. Cl. 357, 343 F.2d 914 (1965), petitioner states that such disparate treatment "constitutes an abuse of discretion as a matter of law."[5]

In IBM, the taxpayer's principal competitor had received a private letter ruling that exempted certain of its equipment from the business machines excise tax.  IBM sought the same ruling and filed a claim for refund.  Two years later, having taken no action on IBM's request, the Commissioner decided to revoke the ruling but only prospectively.  At the same time, IBM's claim for refund was denied.  Thus, for the period from the date that the ruling was issued until the ruling was revoked, IBM was subject to a tax to which a principal competitor was not.  The Court of Claims held, in this circumstance, that the Commissioner's failure to accord IBM the same treatment provided to its competitor was an abuse of the discretion granted the Commissioner by section 7805(b).  Section 7805(b) allows the Commissioner to prescribe the extent, if any, to which a ruling

---

[5] Petitioner's principal subsidiary made a similar claim in Fla. Power & Light Co. v. United States, 56 Fed. Cl. 328 (2003), alleging that its competitors had received rulings exempting them from the highway use tax on vehicles identical or similar to its own.  The court rejected this claim.

or regulation will be applied without retroactive effect.  That section is not involved here.

Petitioner has not provided the names of its competitors who have allegedly obtained the Commissioner's consent to a change in method of accounting or described the method of accounting to which the Commissioner has supposedly consented.  Petitioner's conclusory allegation of disparate treatment without any showing of specific facts that could possibly bring it with the ambit of the IBM case is insufficient grounds for granting partial summary judgment on the issue before us.

To reflect the foregoing,

An appropriate order will be issued denying petitioner's motion for partial summary judgment.