ESTATE of Henry R. LIPMAN, deceased, John F. Dodd, Executor, Estate of Lillian R. Lipman, deceased, Alma R. Marston, Executrix, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 1822.

United States District Court
E. D. Tennessee,
Northeastern Division.

July 12, 1965.

Blue & Fuller, Kingsport, Tenn. (Brantley Blue, Kingsport, Tenn., and Paul P. Senio, Washington, D. C., of counsel), for plaintiffs.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., H. Dennis Little, Atty., Dept. of Justice, Washington, D. C., of counsel, for defendant.

NEESE, District Judge.

This is an action to recover income taxes paid by taxpayers for the year 1959. 28 U.S.C. §§ 1346(a) (1) and 1402. Both taxpayers are now deceased, and the action was brought for their respective estates by the plaintiffs, their duly appointed personal representatives.

Several years prior to 1959, the taxpayer the late Henry P. Lipman acquired certain shares of the common stock of the Jewel Box of Kingsport, Inc., a Tennessee corporation, for a basic cost of $14,400.00. These shares were transferred by Mr. Lipman to his wife, the taxpayer Lillian R. Lipman, on February 10, 1946, but Mr. Lipman continued in the active management of the corporate affairs until 1959. During the latter year he was a director and the treasurer of the corporation.

Mr. Lipman attained his 75th year in 1959 and, because of his advanced age and state of health, wished to sever then his association with the corporation. Both Mr. and Mrs. Lipman desired also to effectuate a disposition of Mrs. Lipman's corporate stock holdings therein; and, effective November 20, 1959, the corporation purchased Mrs. Lipman's entire stock interest for a consideration of $54,000.00. This purchase price was to be paid in installments of $6,000.00 each on January 10, 1960, 1961, 1962, 1963, 1964, 1965, 1966, 1967 and 1968. The purchase note contained an acceleration clause under which the entire balance became due and payable immediately on default in any of the agreed installment payments.

As a part of the consideration for the transaction, all pertinent parties agreed that the corporation might retire an indebtedness then owing by Mr. Lipman to the corporation, by crediting the aforementioned installment payments with the following amounts on the following respective due dates of the aforesaid note:

$ 565.97 on January 10, 1965,
$ 6,000.00 on January 10, 1966,
$ 6,000.00 on January 10, 1967 and
$ 6,000.00 on January 10, 1968, a total of
$18,565.97.

Thus, Mrs. Lipman was to receive an aggregate of $35,434.03 in cash and credit for Mr. Lipman's indebtedness to the corporation of $18,565.97 for her stock.

The 1959 income tax return of Mr. and Mrs. Lipman was prepared for them by a firm of certified public accountants, which firm had prepared their returns for many years. Their accountants prepared the necessary forms to accompany the 1959 return, in which the taxpayers disclosed a computation of gross profit on the installment sale of such stock in

that tax year. However, through an oversight in the accountants' office, the form was not attached to the 1959 return. This inadvertence was not discovered until September, 1961, at which time the taxpayers filed an amended return for the year 1959 which, except for the inclusion with the amended return of the aforesaid form, was identical in all respects with the original return for 1959.

Subsequently, the Internal Revenue Service determined that the sale of the said stock was taxable fully in the tax year 1959, made a delinquency assessment in this connection against the taxpayers, who paid additional income tax for 1959 of $7,424.98 and interest under protest and brought this action to recover the protested additional payment.

█ The Court finds and concludes that, the amended return for 1959 having been filed within the limitation period, 26 U.S.C. § 6501(a), the taxpayers made a valid election under the installment provisions of the Revenue Code. United States v. Eversman, C.A. 6th (1943), 133 F.2d 261; Scales v. Commissioner of Internal Revenue, C. A. 6th (1954), 211 F.2d 133. Therefore, the only question remaining for adjudication, as the parties hereto appear to concede, is whether the tax-payers received more than thirty per cent (30%) of the selling price for Mrs. Lipman's stock from the corporation during 1959, thereby disqualifying such sale from the installment sale provisions of 26 U.S.C. § 453.[1]

█ This Court is of the opinion, finds and concludes, that the taxpayers made a casual disposition of Mrs. Lipman's personal property for a price exceeding $1,000.00 during the tax year 1959; that neither of these taxpayers received any payments in excess of 30% of the selling price (or, any payment at all, for that matter) in 1959, the year of the said sale; that the taxpayers were entitled to file a joint return for said year, and each taxpayer was entitled to whatever benefit might lawfully accrue to either under the revenue laws due to their filing a joint return; that the taxpayers, in their amended return for that year, made a valid election to have the capital gain they realized jointly taxed under the installment method, 26 U.S.C. § 453; John P. Reaver, 42 T.C. (1964) No. 5; and that, accordingly, the taxpayers were entitled to report a long-term capital gain on such casual disposition of Mrs. Lipman's personal property in the amount of 73.33% of the annual collections received therefrom in 1960, 1961,

---

1. "(a) *Dealers in Personal Property.*— Under regulations prescribed by the Secretary or his delegate, a person who regularly sells or otherwise disposes of personal property on the installment plan may return as income therefrom in any taxable year that proportion of the installment payments actually received in that year which the gross profit, realized or to be realized when payment is completed, bears to the total contract price.

"(b) *Sales of Realty and Casual Sales of Personalty.*

(1) *General rule.*—Income from—

(A) a sale or other disposition of real property, or

(B) a casual sale or other casual disposition of personal property (other than property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year) for a price exceeding $1,000,

may (under regulations prescribed by the Secretary or his delegate) be returned on the basis of and in the manner prescribed in section (a).

(2) *Limitation.*—Paragraph (1) shall apply—

(A) In the case of a sale or other disposition during a taxable year beginning after December 31, 1953 (whether or not such taxable year ends after the date of enactment of this title), only if in the taxable year of the sale or other disposition—

(i) there are no payments, or

(ii) the payments (exclusive of evidences of indebtedness of the purchaser) do not exceed 30 percent of the selling price.

\* \* \*"

26 U.S.C. § 453.

1962, 1963 and 1964 and to be received in 1965, 1966, 1967 and 1968, 26 U.S.C. § 453(a) (1) and (d) (3).

Within twenty (20) days after the filing of this opinion, counsel shall stipulate the proper amount of the judgment to be entered herein, should judgment be awarded the plaintiffs, and file such stipulation herein. The clerk, thereupon, will prepare, sign and enter judgment for the plaintiffs for such stipulated amount.